Van Winkle *v.* United States Mail Steamship Company.

———————  •·•·•  ———————

## VAN WINKLE and others *vs.* THE UNITED STATES MAIL STEAMSHIP COMPANY.

Where goods have been shipped in the name of a party not the real owner, and have afterwards been seized or taken by authority of law, from the possession of the carrier, on process against the true owner, the carrier may, in an action ·brought by the shipper or his assigns, to recover the value of the goods, give evidence of these facts and that the goods so shipped belong to the party against whom the process was issued, whereon the goods were taken.

Such a case is an exception to the general rule that the bailee or carrier cannot be heard to deny the title of the bailor or shipper.

The rule of damages for the non-delivery of goods so seized or taken, is their value at the place of delivery.

MOTION for a new trial upon exceptions taken at the circuit.  The action was brought by the plaintiffs, as assignees of William H. Boyd, to recover the value of two boxes of books, shipped by said Boyd at New York, on one of the defendant's steamers, to be delivered to him or his assigns at New Orleans, and which they failed to deliver pursuant to the bill of lading.  Except the fact of the shipment of the two boxes and the issuing the bill of lading, the defendant put in issue all the allegations of the complaint.  The principal exception in the case was to the ex-

clusion by the court of the matters contained in the second defense. This defense was, in substance, that the property in fact belonged to A. Mygatt & Co., and was intended on its shipment to reach them; that when the books reached New Orleans they were taken out of the possession of the defendants, under attachment process against one of the members of the firm of Mygatt & Co. The court excluded proof of the matters thus set forth, holding that they did not constitute a defense. The court charged the jury, among other things, that the contract between the plaintiffs and the defendant was evidenced by the bill of lading; that the jury, in determining the value of the merchandise in question, might consider the cost of the same an element of value, but were not limited to the cost of the one thousand copies; that the plaintiffs were entitled to recover the value of the goods at the place of delivery. The counsel for the defendant excepted to the charge that the plaintiffs were entitled to recover, and also to the charge that the plaintiffs were entitled to recover the value of the goods at the place of delivery, and also to the charge that the plaintiffs were not limited to the cost of the goods to Boyd, their assignor. The jury found a verdict for the plaintiffs in the sum of $1194.27, being the value of the books at one dollar each, less the freight. And the court thereupon ordered the exceptions to be heard in the first instance at the general term, with a stay of proceedings on the verdict until the hearing and decision of the court on the exceptions.

*E. S. Van Winkle,* for the plaintiffs.

*A. J. Vanderpoel,* for the defendant.

*By the Court,* LEONARD, J. At the trial, the defendant offered to introduce evidence to prove that the property in question did not belong to the shipper, but to the firm of Mygatt & Co., and that it had been taken from their pos-

session at New Orleans, its place of destination, under an attachment against that firm, issued out of a court in that city, in behalf of a creditor. The defendant had received the property at New York, on board one of its vessels, and delivered a bill of lading therefor to Boyd, the shipper, who having failed to obtain the property from the defendant at New Orleans, transferred the bill of lading and the cause of action for the non-delivery of the property to the plaintiffs, who bring this action.

The evidence so offered by the defendant was excluded by the judge, and the defendant's counsel duly excepted to the ruling.

The general rule no doubt prevails that a bailee or carrier cannot dispute the title of the bailor or shipper. The authorities cited by the learned counsel for the plaintiffs fully establish this position. This general principle is subject to several exceptions. A person having a paramount title may claim his property from the bailee or carrier, where it has been taken from him by felony, force or fraud, or where the bailor or shipper is a mere agent for the owner; and, unless the bill of lading or evidence of ownership has passed into the hands of a bona fide purchaser, even in cases where the owner has voluntarily parted with the possession of his goods to a purchaser, he may rescind the sale, and reclaim his goods from the bailee or carrier. (*See Wilson* v. *Anderton,* 1 *Barn. & Adol.* 450.)

If goods are taken from a bailee or carrier by authority of law, in any case coming within these exceptions, there is no doubt that it is a good defense to an action by the bailor or shipper, for a non-delivery. The rule relied on by the plaintiffs will not protect goods received by a bailee, from an execution against the person depositing them; and the bailee in such case will have a good defense against the claims of the bailor. (*Angell on Carriers,* § 337, *a.* 18 *Verm. R.* 186. 1 *Duer,* 79.)

Van Winkle *v.* United States Mail Steamship Company.

In the present case the attachment was not against the shipper of the goods, but there can be no valid distinction between the case of an attachment or execution against the true owner of the goods, and like process against the bailor or shipper. The true owner may claim his goods from the bailee, and if delivered on such claim under authority of the law, as we have seen, the bailee may plead it in bar. The creditor of the shipper may also by execution take his debtor's goods from the bailee, and the bailee may on that ground defend himself from suit by the shipper.

The principle extends equally to the case of goods taken from the bailee or carrier on execution against the true owner, who might himself take them by process of law from the bailee, notwithstanding the claim of the nominal or fictitious shipper. The judge erred at the trial, in this respect. There should be a new trial, with costs to abide the event.

The question of value was properly put to the jury by the charge of the judge. The inquiry to the witnesses should have been as to the value of the property at the place where it was taken.

New trial granted.

[New York General Term, February 3, 1862. *Ingraham, Leonard* and *Clerke,* Justices.]