## Indiana, Illinois and Iowa Railway Company *v.* Doremeyer.

[No. 2,498. Filed May 18, 1898. Rehearing denied July 1, 1898.]

PRACTICE.—*Exceptions to Conclusions of Law.—Special Finding.*— Exceptions to the conclusions of law upon the special finding of facts admit the truth of the facts found. *p. 611.*

CARRIERS.—*Seizure of Goods Under Legal Process.*—Where goods received by a common carrier and placed in a car for shipment were seized by an officer by virtue of a legal process issued in an action in attachment, without any fault or connivance on the part of the carrier, the carrier is not liable for its failure to deliver the goods entrusted to its care. *pp. 605-614.*

From the Lake Circuit Court. *Reversed.*

*T. S. Fancher,* for appellant.

*Willis C. McMahan,* for appellee.

HENLEY, J.—This action was commenced by the appellee against the appellant as a common carrier for damages sustained by the appellee on account of the failure of the appellant to transport safely and deliver certain household goods and wearing apparel the property of the appellee. The complaint is in substance as follows: That on the 28th day of November, 1896, the defendant (the appellant), was a common carrier of goods for hire from Dwight, Illinois, to Lowell, Indiana, and on said day at Dwight, Illinois, by its agent, then and there in writing agreed, in consideration of the sum of $4.45 then and there to be paid by appellee to said agent, to carry safely and promptly for appellee and to deliver to her at Lowell, Indiana, certain household goods and clothing, a copy of which said agreement is filed with the complaint and made a part thereof, and that the plaintiff then and there delivered to the appellant for that purpose the certain goods aforesaid; that appellant did not safely carry and deliver said goods as aforesaid, but

failed to do so, by which reason the appellee was deprived of the use of any of said goods for a long time, to wit, more than thirty days, and whereby certain of said goods and clothing so owned by appellee, and described in the bill of particulars filed with and made a part of the complaint were wholly lost, and that she was put to great inconvenience in her living and comfort and damaged in the sum of $200.00.

To this complaint appellant answered in two paragraphs. The first paragraph was a general denial. The second paragraph of answer admits that on or about the middle of September, 1896, appellee's husband shipped his household goods, furniture and wearing apparel from the State of Indiana, to the town of Dwight, state of Illinois, and that on or about the 26th day of November, 1896, the appellee's husband caused said goods to be reshipped from said town of Dwight to Lowell, Indiana, over appellant's road, but appellant says that shortly after said goods were delivered at appellant's freight depot at Dwight, and after the same had been loaded into the car, a creditor of appellee's husband caused said property to be attached in said town by a writ duly issued by a duly authorized court of said state. A copy of the complaint, affidavit, bond, notice, and writ is attached to and made a part of the answer, together with a certified copy of the judgment in said court It is further averred that the officer so serving said writ took possession of all of said property, and kept and retained possession thereof, and prevented the appellant from shipping said goods, as appellant otherwise would have done had said writ not been served and said goods attached. It is further averred that the appellant could not ship said goods because the officer having full control of said goods refused to permit the defendant to ship the same to said appellee, and that as

soon as said goods were attached and taken into the custody of said officer, appellant notified the appellee and her husband that said property had been so attached and fully informed said appellee and her husband of the nature of said process by which shipment of said goods was prevented, and that, if appellee sustained any injury or damage to herself or goods, it was while they were in the custody of the officer and while attached at Dwight, Illinois. Appellant further avers that when said goods were delivered at appellant's freight depot, in the town of Dwight, that said goods were duly consigned to the appellee, and a bill of lading duly issued by it to the consignee, the appellee herein, and that said goods were detained at the said town of Dwight without any fault or negligence on the part of this appellant or by any of its agents, servants, or employes, and that as soon as said property so attached was released, this appellant shipped said goods to the consignee, the appellee herein.

The appellee replied to the second paragraph of appellant's answer denying each and every material allegation therein set forth. Upon the issues thus formed there was a trial by the court, and at the request of appellant, the court made a special finding of facts which was in the following words: "The court having been requested by both the plaintiff and defendant in the above entitled cause to make a special finding herein, together with its conclusions of law thereon, finds the facts as follows: That plaintiff commenced this action to recover from the defendant, by way of damages for loss of certain goods described in a bill of particulars filed with her complaint, which goods were to be shipped by her husband for her from Dwight, in the state of Illinois, over the defendant's railroad to Lowell, Indiana; that

said goods were delivered at the office of the defend-
ant in the town of Dwight, and a bill of lading issued
by the defendant's agent to Mrs. N. E. Doremeyer,
the plaintiff, to be shipped to her at Lowell, Indiana;
that said bill of lading was issued on the 28th day of
November, 1896; that on receipt of the said goods by
the defendant, the same were immediately placed in
one of defendant's cars, to be shipped to their des-
tination as required by said bill of lading; that on the
29th day of November, 1896, while said goods were in
the defendant's car at Dwight, one Thomas Jenkins, a
constable of said town of Dwight, caused said goods
to be attached by virtue of a writ of attachment duly
issued from a justice court in an action begun by one
Jane Burhan against Frank Doremeyer, the husband
of the plaintiff herein; that immediately before the
levy, the officer armed with said writ, but which he
did not exhibit, asked defendant's said agent if he
had any goods in his possession belonging to Dore-
meyer; that in response thereto the agent answered
that he had, and stated that the goods were then in
the car; that without anything further transpiring,
and without objection upon the part of the agent, the
officer seized and levied on said goods. The court fur-
ther finds that the plaintiff's husband shipped a lot
of household goods to Dwight, Illinois, from Lowell,
Indiana, during the month of September, 1896; that
said goods were billed from Lowell to Dwight in Sep-
tember, 1896; that said Frank Doremeyer was then
the consignee and consignor of said household goods;
that when he delivered the goods to the agent at
Dwight, in November, 1896, to be reshipped to Lowell,
Indiana, he informed the agent that they were the
same household goods that he shipped there from
Lowell, Indiana, in September of the same year, and
claimed that they were shipped there from Lowell to

Indiana, Illinois and Iowa Railway Company *v.* Doremeyer.

Dwight at much less expense than the agent was then demanding that he now pay to return them to Lowell, Indiana; that at the time of the consignment by plaintiff, as aforesaid, and ever since, the goods so consigned were the sole and exclusive property of plaintiff; that the officer attached the said household goods and removed them from defendant's car and stored them in defendant's freight office, and from that time said constable exercised complete control over them, until a portion of them were re-billed on the 21st of December, 1896; that the officer had stored said goods in the freight building, and while he had them in his custody and under his control by virtue of the attachment or writ, the building in which they were stored was burglarized on the evening of the 10th day of December, 1896; that the boxes and barrels in which they were stored were broken open and a portion of the goods stolen therefrom; that said goods at the time they were stolen, were in the custody and under the control of the said constable, by virtue of the writ in attachment. The court further finds that when said goods were delivered to defendant by Frank Doremeyer for shipment to Lowell, Indiana, he claimed to be acting as the agent of the plaintiff; that as soon as said goods had been delivered to defendant for shipment, the plaintiff, with her husband, took a train for Chicago; that said goods were attached by said constable the following day, and after said plaintiff and her husband had left said town of Dwight; that said plaintiff was informed by defendant on the 3rd day of December, 1896, and after she reached Lowell, Indiana, and had taken up her residence there, that said goods had been attached and was then in the custody of an officer, by virtue of a writ in attachment duly issued by a justice of the peace in

which the plaintiff in said attachment suit claimed that Frank Doremeyer owed her $19.00 for milk and house rent; that the said defendant herein requested the said Doremeyers to deposit the amount of said claim with the agent at Lowell, Indiana, and the goods would be released and forwarded at once to them; that the plaintiff and her husband informed this defendant that said goods were not those of the said Frank Doremeyer, but were those of his wife, and they refused to deposit said money or pay said claim or do anything to secure the release of the household goods, but permitted them to remain in the freight office in the custody of said constable for several days thereafter, and until the burglary occurred, and until the day of trial, to wit, the 21st day of December, 1896, when said plaintiff herein and her husband filed in said justice court at Dwight, Illinois, a verified schedule, claiming the property as belonging to them both, and the court finds that the said property was then and there released from said attachment proceedings, and, except as to that portion of it which had been stolen, re-billed by the defendant herein and transported to plaintiff, at Lowell, Indiana; that the goods so stolen were wholly lost to the plaintiff and that the goods so stolen were of the fair cash value, at the time of taking by thieves, and at the time they should have been delivered at Lowell, Indiana, had not said levy been made, of $76; that at the time of the receipt of said goods by defendant, it was a common carrier for hire, and received them as such, and that the defendant's charges therefor were wholly prepaid; that the bill of lading executed by defendant to plaintiff was in the words and figures set out in the exhibit to the complaint." On the special finding of facts as above, the court stated its conclusions

of law to be that appellee is entitled to recover from the appellant the sum of $76.00.

The only error argued by appellant, and which is presented by the record in this cause, is that the court erred in its conclusions of law on the special findings. Appellant having excepted to the conclusions of law upon the special finding of facts admits the truth of the facts as found by the court. We believe it to be the settled law in this State that a seizure under legal process will excuse the common carrier from delivering goods entrusted to his care for shipment. *Ohio, etc., R. W. Co.* v. *Yohe*, 51 Ind. 181, 19 Am. Rep. 727. The case last cited covers every point in controversy in this cause, and while the facts are somewhat different in the two cases, the governing principle of law is the same in both cases.

In the case of *Stiles* v. *Davis*, 1 Black (U. S.) 101, the goods were seized by a sheriff under a writ of attachment against a third party, and taken from the carrier, and the action was brought by the consignee upon the bill of lading, as in this case. In the opinion the Supreme Court of the United States say: "After the seizure of the goods by the sheriff, under the attachment, they were in the custody of the law, and the defendant could not comply with the demand of the plaintiffs without a breach of it, even admitting the goods to have been, at the time, in his actual possession. The case, however, shows that they were in the possession of the sheriff's officer or agent, and continued there until disposed of under the judgment upon the attachment. It is true, that these goods had been delivered to the defendant, as carriers, by the plaintiffs, to be conveyed by them to the place of destination, and were seized under an attachment against third persons; but this circumstance did not impair the legal effect of the seizure or custody of the

goods under it, so as to justify the defendant in tak-. ing them out of the hands of the sheriff. The right of the sheriff to hold them was a question of law, to be determined by the proper legal proceedings, and not at the will of the defendant, nor that of the plaintiffs. The law on this subject is well settled, as may be seen on a reference to the cases collected in sections 453, 290, 350 of Drake on Attachments, second edition."

It was said by Downey, J., in delivering the opinion of the Supreme Court of Indiana, in the case of *Ohio, etc., R. W. Co.* v. *Yohe, supra,* "The question presented is this, is a common carrier of goods excused from liability for not carrying and delivering the goods, when they are, without any act, fault, or connivance on his part, seized, by virtue of legal process, and taken out of his possession? It is impossible for the carrier to deliver the goods to the consignee, when they have been seized by legal process and taken out of his possession. The carrier cannot stop, when goods are offered him for carriage, to investigate the question as to their ownership. Nor do we think he is bound, when the goods are so taken out of his possession, to follow them up, and be at the trouble and expense of asserting the claim thereto of the party to or for whom he undertook to carry them. We do not think it material what the form of the process may be. In every case the carrier must yield to the authority of legal process. After the seizure of the goods by the officers, by virtue of the process, they are in the custody of the law, and the carrier cannot comply with his contract without a resistance of the process and a violation of the law. The right of the sheriff to hold the goods involved questions which could only be determined by the tribunal which issued the process or some other competent tribunal, and the carrier had no power to decide them. If the goods were wrong-

fully seized, the plaintiffs had their remedy against the officer who seized them, or against the party at whose instance it was done. As between these parties, the process would be no justification, if the plaintiffs were the owners and entitled to the possession of the goods. It makes no difference, we think, that the process was issued by a tribunal of a state different from that in which plaintiffs reside. The rule must be the same as in a case where the process emanates from a court in the state of the plaintiff's residence. It cannot be denied that the carrier must obey the laws of the several states in which it follows its calling. The laws of Illinois which give force and effect to a writ of replevin must be obeyed. It cannot say to the sheriff, who is armed with a writ issued in due form of law, commanding him to take the property, that it has executed a bill of lading, and thereby agreed to transport the property to another state, and therefore he cannot have it. The sheriff would have the right, and it would become his duty, to call out the power of the county to aid in serving his lawful process. The carrier is deprived of the possession of the property by a superior power—the power of the state—the *vis major* of the civil law, and in all things as potent and empowering, as far as the carrier is concerned, as if it were the 'act of God or the public enemy.' In fact it amounts to the same thing; the carrier is equally powerless in the grasp of either."

In the case at bar it is found by the court that on the 29th day of November, 1896, while the said appellee's goods were in appellant's care, ready for shipment, they were attached, seized and levied upon by virtue of a writ of attachment duly issued from a justice's court, and that from the time they were thus seized by the constable up to the time the goods were reshipped and including the time in which a part of

the goods were stolen, they were under the care and control of the said officer of the court, that appellee on the 3rd day of December, 1896, which was the fourth day following the attachment of the goods, received notice from the appellant at Lowell, Indiana, the place to which she had removed, that the goods were attached, and were in the custody of the officer. It does not appear from the special finding that the goods of appellee were so seized by virtue of legal process by reason of any act, fault, or connivance of the appellant, and the case comes squarely within the rules of law laid down by our Supreme Court in *Ohio, etc., R. W. Co.* v. *Yohe, supra.*

The lower court erred in its conclusions of law upon the special finding of facts. The cause is for such reason reversed, with instructions to the lower court to restate its conclusions of law and render judgment in favor of appellant.

Comstock and Black, JJ., absent.