Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

James B. Sheehan, for appellants.

William A. McQuaid, for respondent.

BEEKMAN, P. J. We think that the instrument sued on, styled the "contract order," was a complete agreement, containing all the requisite elements to constitute a binding obligation. It was undoubtedly accepted by the plaintiff. Indeed, its signature to the so-called guaranty at the foot of the paper is incontestable evidence of the fact, and was, in effect, a subscription to the contract to which it refers. Although the "contract order" does not in express terms contain a stipulation on the part of the plaintiff to manufacture and deliver to the defendants the articles therein described, we think that there was such an obligation, according to the tenor of the instrument, and that there was therefore sufficient consideration to support the engagement into which the defendants entered. Service Co. v. Hartung (Com. Pl.) 19 N. Y. Supp. 233. The defendants therefore had no right, as a matter of law, to terminate the contract at will before the time specified for its duration had elapsed.

The question of the measure of damage for the breach is not an open one here, in view of the stipulation of the parties, which appears in the record, that if the trial court should find that the contract was a valid one, that the notice given by the defendants to the plaintiff was insufficient to legally terminate the same, and that the plaintiff was entitled to a recovery, "then judgment shall be entered for plaintiff, otherwise judgment for defendants." The only interpretation which can properly be given to this stipulation is that if the court should find in favor of the plaintiff upon the questions of law specified, and that plaintiff was therefore entitled to recover, judgment should be entered accordingly for the amount of the claim. This was done, and, as the court properly decided the issues in favor of the plaintiff, it follows that the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

---

(26 Misc. Rep. 414.)

### SPIEGEL v. PACIFIC MAIL S. S. CO.

(Supreme Court, Appellate Term. February 24, 1899.)

CARRIERS—LIABILITY TO CONSIGNEE—REPLEVIN BY SHIPPER.

The mere fact that a shipper of goods replevied them while in the carrier's hands does not exonerate the carrier from liability to the consignee, who was not notified of the replevin action.

Appeal from municipal court, borough of Manhattan, First district.

Action by Morris Spiegel against the Pacific Mail Steamship Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Clifford Seasongood, for appellant.

Abram I. Elkus, for respondent.

LEVENTRITT, J.   On the 14th day of April, 1892, one John Crellin shipped, on a steamer of the defendant company, 10 barrels of brandy to the firm of Saitta & Co., of New York City, and the defendant thereupon issued its bill of lading in the usual form, conditioned for the delivery of the brandy to Saitta & Co., or to their assigns, upon the payment of the freight charges.   On the 3d day of May, 1892, Saitta & Co., the consignees, obtained a loan in the sum of $1,300 from the plaintiff, and, thereupon having indorsed in blank, deposited with him, as collateral security for the repayment of said loan, certain bills of lading, including the one in question, and at the same time executed and delivered to the plaintiff an agreement providing, in the event of default, for the application by the plaintiff of the brandy to the repayment of the loan.   Saitta & Co., having failed to meet their obligation as agreed, the plaintiff, between the 6th and 8th days of July, 1892, tendered to the defendant the agreed amount of freight charges, and demanded the delivery to him of the brandy.   The defendant having refused to comply, the plaintiff, on the 1st day of July, 1898, instituted this action to recover the value of the brandy.   To the plaintiff's complaint the defendant orally pleaded a general denial, the statute of limitations, and res adjudicata. To sustain its contention, the defendant offered evidence of the surrender by it, in the month of May, 1892, of the brandy in controversy to the sheriff of the city and county of New York, in obedience to a requisition issued to him in an action of replevin brought against the defendant by the shipper John Crellin, and, to sustain its contention in that behalf, submitted the affidavit, requisition, and return in that action.   It appeared that the defendant had yielded to the writ, and that the sheriff had, on the 27th day of May, 1892, delivered the brandy to John Crellin.   At the close of the trial, the defendant insisted that, having delivered the property under the compulsion of legal process, it was exonerated from liability to the plaintiff, and further that, more than six years having elapsed since the plaintiff's cause of action accrued, the statute of limitations applied.   The contention of the defendant, that its compulsory submission to the replevin process relieved it from all responsibility, gives rise to the main question to be determined upon this appeal.   While it is well established that the defense of jus tertii is available to a common carrier, it is equally well settled that the carrier does not discharge his obligation to the consignee, with whom he has made the contract, by simple delivery to the officer, or by standing idly by until the process has impounded the goods, and through it the adverse claimant has appropriated them by the judgment of the court.   Robinson v. Railroad Co., 16 Fed. 57.   It has been intimated that the carrier must defend the title of his bailor against adverse claims,—or, what is equivalent, surrender at his peril to any but a paramount owner,— and that he can find relief only by resort to a court of equity, by a bill of interpleader, where there is a controversy concerning the ownership. Banfield v. Haeger, 45 N. Y. Super. Ct. 428; Willner v. Morrell, 40 N. Y. Super. Ct. 222, 226.   The current of authority is, however, that the carrier shall give notice to the consignee if he is to be protected by legal process against the consequences of nondelivery, some cases

holding that such notice must be immediate. The authorities in this state sustain the principle that a bailee for reward cannot relieve himself of responsibility for failure to deliver the property of the bailor when called for, simply by showing that the property was taken out of his custody under the authority of valid legal process, but he must also show that he gave notice of that fact to the owner. In Bliven v. Railroad Co., 36 N. Y. 403, it is said that seizure by legal process excuses the carrier, "provided the bailor is promptly notified of such taking." In Scrantom v. Bank, 24 N. Y. 424, 427, we find the following language: "It is doubtful whether the bailee has a right to yield to regular legal proceedings without defending, or at least notifying the bailor of such proceedings." To same effect, Transportation Co. v. Barber, 56 N. Y. 544; Bliven v. Railroad Co., 36 N. Y. 403; Roberts v. Safe-Deposit Co., 123 N. Y. 57, 25 N. E. 294; Van Winkle v. Steamship Co., 37 Barb. 122; Livingston v. Miller, 48 Hun, 232. No evidence was introduced upon the trial of the case at bar upon the subject of notice or effort to give notice, either to the consignee or to the plaintiff, of the replevin proceedings, or of delivery thereunder by the defendant to the sheriff, but the defendant assumed that the mere production of the records of that suit constituted a good defense. Such records alone are insufficient to establish the defense here interposed. Mierson v. Hope, 32 N. Y. Super. Ct. 561. The conclusion follows that, in view of the omission to give notice, the mere taking by legal process does not exonerate the defendant from liability. There is no force in the contention that the statute of limitations defeats the plaintiff's claim, as the cause of action arose upon demand made between the 6th and 8th days of July, 1892, and this action was admittedly instituted on the 1st day of July, 1898. The judgment must be affirmed, with costs.

Judgment affirmed, with costs to the respondent. All concur.