## MALOTT, RECEIVER, v. JOHNSON.

[No. 5,675. Filed May 9, 1906.]

1. CARRIERS.—*Railroads.*—*Freight Seized under Legal Process.* —*Liability of Carrier.*—A common carrier is not liable in damages to the shipper for goods in transit taken upon legal process, in the absence of collusion. p. 682.

2. SAME.—*Railroads.*—*Garnishment.*—A common carrier, in possession of goods in transit within the jurisdiction of the court, is liable in garnishment. p. 683.

3. CARRIERS. — *Railroads.—Garnishment.—Statutes.*—A common carrier is not relieved from liability to garnishment because of a contract to ship the goods constituting the subject of garnishment, since §951 Burns 1901, Acts 1897, p. 233, providing that the "garnishee shall not be compelled in any case to pay or perform any contract in any other manner, or at any other time than he would be bound to do for the defendant," must be read in connection with §§944, 952 Burns 1901, §§932, 940 R. S. 1881, providing that such garnishee shall be "accountable to the plaintiff in the action for the  *  *  *  property" in his hands, and that such garnishee shall be relieved by payment of money due defendant to the sheriff or into court. p. 684.

4. SAME. — *Railroads.—Garnishment.—Jurisdiction.—Statutes.*— Under §931 Burns 1901, §919 R. S. 1881, providing that the plaintiff in garnishment may have judgment when the garnishee who has been summoned in the county where the action is brought is indebted to defendant or has property subject to attachment, the court has jurisdiction to render judgment against a railroad company having in its possession the property of a nonresident who has notice of such action only by publication. p. 685.

5. SAME.—*Railroads.—Garnishment.—Writ of Attachment Unserved.—Statutes.*—A judgment may be rendered against a garnishee though there be no service of the writ of attachment upon any goods belonging to the principal defendant (§943 Burns 1901, Acts 1897, p. 233). p. 686.

From Superior Court of Marion County (66,198); *James M. Leathers,* Judge.

Action by Grafton Johnson against the Alton-Dawson Mercantile Company and Volney T. Malott, as receiver of the Terre Haute & Indianapolis Railroad Company. From a judgment for plaintiff, said receiver appeals. *Affirmed.*

*John G. Williams* and *D. P. Williams,* for appellant.
*Miller, Elam & Fesler* and *E. A. McAlpin,* for appellee.

WILEY, J.—The facts upon which the decision must rest are so fully and accurately stated in appellee's brief that we adopt the statement as our own, as follows: "In the lower court appellee sued the Alton-Dawson Mercantile Company, a foreign corporation, for an alleged breach of contract. Proper proceedings in attachment were insti-

tuted at the time the suit was commenced. At that time, and at the time the writ of attachment was served, appellant had in his yards in Indianapolis a car load of canned goods belonging to the Alton-Dawson Mercantile Company, which had been shipped from Columbus, Indiana, and was en route to Oklahoma. At the time the writ of attachment was served this car of goods was awaiting shipment to Oklahoma, but had not been placed in a train for that purpose. The writ of attachment was served upon appellant's freight agent. The property was not taken into actual, manual possession by the sheriff at the time the writ was served, but was left with appellant's agent and in appellant's yards. When the writ was served, the agent gave the sheriff a receipt for the property, which was on November 6, 1903. By the terms of this receipt, appellant undertook to hold the property for the sheriff and subject to his order. The receipt is as follows:

'November 6, 1903. Received of the sheriff of Marion county in the State of Indiana car No. 74,760 taken on writ of attachment in the case of Grafton Johnson v. The Alton-Dawson Mercantile Company, said car to be held until the further order of the sheriff. [Signed.]    E. F. Graham, agent.    11-6-03.'

"A few days thereafter the sheriff issued an order to a storage company, directing it to take possession of the property, but appellant, through his agents, refused to surrender it, and retained it in his yards for about sixty days, when, through some error of appellant's employes, it was forwarded to Oklahoma, as originally billed. The sheriff never obtained actual, manual possession of the property. After appellant's refusal to surrender the property, appellee filed his affidavit in garnishment, in which he made appellant a garnishee defendant. In this affidavit, appellee alleged that appellant had in his possession the property above mentioned, which he refused to surrender pursuant to the writ of attachment. The garnishee summons was

issued November 16, 1903, and was served the same day. It was served while the property was in appellant's yards, in Indianapolis. Notice of the pendency of the suit was given the Alton-Dawson Mercantile Company by proper publication. It did not appear, and judgment was rendered against it by default. In the judgment it was decreed that the property in appellant's possession was, as against the Alton-Dawson Mercantile Company, liable to be sold to satisfy the judgment. After the property had been forwarded from appellant's yards, appellant filed an answer as garnishee defendant, to which appellee's demurrer was sustained. Appellant refused to plead further, and after a trial as to matters not admitted by appellant's failure to plead over, judgment was rendered against appellant for the value of the property. The judgment against the Alton-Dawson Mercantile Company was rendered while the car of goods was still in appellant's possession. The judgment against appellant was rendered after the goods had left his yards." .

Sustaining the demurrer to appellant's answer and overruling his motion for a new trial are relied on for reversal. The answer avers that on November 6, 1903, the Pittsburgh, Cincinnati, Chicago & St. Louis Railway Company delivered to appellant, the garnishee defendant below, in the city of Indianapolis, for carriage to the city of Peoria, Illinois, a car owned by said company, said car to be loaded with canned tomatoes, consigned by Preston Ryder to Alton-Dawson Mercantile Company, at Kingfisher, Oklahoma, with directions to forward the same over the lines of the company of which appellant was receiver, to certain connecting lines, etc. The answer concludes with averments substantially as follows: That on said November 6, 1903, while said car was in the yards of the Terre Haute & Indianapolis Railroad Company, in Indianapolis, for the purpose of being placed in a freight-train for carriage to Peoria, Illinois, the sheriff of Marion county served

garnishee defendant's agent in Indianapolis with a writ of attachment issued in this cause, and demanded delivery of the contents of said Pennsylvania railway company's car No. 74,760; that said agent, under advice of counsel, refused to deliver said contents to said sheriff; that garnishee defendant, under advice of counsel, says that the contents of said car are not subject to the attachment or garnishee process issued in this cause; that if the contents of said car do belong to defendant, it is the only property belonging to defendant in garnishee defendant's possession or control; that he is not indebted to defendant, nor has he any control or agency of any property, moneys, credits or effects of defendant, unless the contents of said car be the property of defendant.

Counsel for appellant, in discussing the sufficiency of the answer, base their argument upon the proposition that goods loaded in a car standing in the railroad yards of a

1.    common carrier, waiting to be placed in one of such carrier's trains for transportation to and delivery at a point outside the State, having come into such carrier's possession by delivery from a connecting carrier, are in transit, and the carrier in whose possession the goods are, under such circumstances, can not be held liable as a garnishee defendant, in an action against the consignee of the goods.

The proposition relied upon by appellant is not supported by the authorities in this State. It is well settled that while a railroad company is required to receive and transport property offered for shipment, and must respond in damages for its failure to do so, yet it is excused from liability, when, without fault or collusion on its part, the property is seized by legal process and taken out of its possession. *Ohio, etc., R. Co.* v. *Yohe* (1875), 51 Ind. 181, 19 Am. Rep. 727; *Indiana, etc., R. Co.* v. *Doremeyer* (1898), 20 Ind. App. 605, 67 Am. St. 264; *Van Winkle* v.

*United States Mail, etc., Co.* (1862), 37 Barb. 122; *Pittsburgh, etc., R. Co.* v. *Cox* (1905), 36 Ind. App. 291.

In the last case cited this court said: "If the property is in possession of the carrier, and the transit has not yet begun, or is completed, and is held by the carrier, 2. either at the place of shipment or the place of delivery, and the property is within the jurisdiction of the court issuing the process, there is no reason for holding that the carrier is not subject to garnishee process the same as individuals or other corporations." The following authorities are in point: *Landa* v. *Holck & Co.* (1895), 129 Mo. 663, 31 S. W. 900, 50 Am. St. 459; *Stiles* v. *Davis* (1861), 1 Black (U. S.) 101, 17 L. Ed. 33; *Cooley* v. *Minnesota, etc., R. Co.* (1893), 53 Minn. 327, 55 N. W. 141, 39 Am. St. 609. It was also held in the case of *Pittsburgh, etc., R. Co.* v. *Cox, supra,* that a railroad corporation is subject to garnishee process, and that in a proper case it must be held to respond as an individual or other corporation.

The supreme court of Missouri, in the case of *Landa* v. *Holck & Co., supra,* had this question under consideration, and in the course of the opinion it was said: "The broad proposition is laid down that the railway company, though it admits it had in its possession a car-load of lard in Jackson county, Missouri, belonging to the defendants in the attachment, at the time the writ of garnishment was duly served upon it, is not subject to garnishment because this lard had been delivered to it for transportation.   *   *   *   Why should a defendant in attachment, whose property is found in the hands of a carrier, be more favored than one whose property is seized in the hands of a private individual or a corporation who is not a carrier?"

In *Cooley* v. *Minnesota, etc., R. Co., supra,* it was held that a carrier is liable to be summoned as a garnishee in a proceeding against a shipper who has sent goods to it for transportation, and service of the summons will bind the

carrier as to goods of the defendant shipper in its possession within the jurisdiction of the garnishing court, to the same extent as in ordinary cases of garnishment. The following authorities are in point: 5 Am. and Eng. Ency. Law (2d ed.), 240; Rood, Garnishment, §37; Waples, Attachment and Garnishment (2d ed.), §449.

It is also urged by counsel that appellant can not be held liable because the property in controversy was received by him for transportation to a point outside of the

3. State of Indiana. In support of this proposition our attention is called to §951 Burns 1901, Acts 1897, p. 233, which provides that the "garnishee shall not be compelled in any case to pay or perform any contract in any other manner, or at any other time than he would be bound to do for the defendant." Sections 944, 952 Burns 1901, §§932, 940 R. S. 1881, should be considered in connection with the section just quoted. By §944, *supra,* it is provided that the garnishee, from the day of the summons, shall be accountable to the plaintiff in the action for the amount of money, property, or credits in his hands, or due or owing from him to the defendant. Section 952, *supra,* relieves the garnishee from liability by paying the money owing by him to the defendant to the sheriff or into court. From necessity the enforcement of the garnishee process invariably results in some change in the relations between contracting parties, but the purpose of the statute is to protect the garnishee from unnecessary hardship. Appellant can not escape liability under the statute relied upon.

As was said in *Ohio, etc., R. Co.* v. *Yohe, supra:* "It cannot say to the sheriff, who is armed with a writ issued in due form of law, commanding him to take the property, that it has executed a bill of lading, and thereby agreed to transport the property to another state, and therefore he cannot have it."

Under the facts here the test is this: If appellant had yielded to the garnishee process, assuming that the pro-

ceedings were in all respects regular, would he have been relieved from liability in favor of the attachment defendant? This inquiry must be answered in the affirmative. The demurrer to the answer was properly sustained.

Under the assignment attacking the ruling of the court upon the motion for a new trial, counsel for appellant insist that jurisdiction was not acquired by the trial court

4. because the property of the attachment defendant was not attached; that it was not actually seized and taken possession of by the sheriff. Counsel say: "In attachment and garnishment proceedings brought by a resident of the State of Indiana against a nonresident where such nonresident defendant does not appear and is served only by publication, the court can only acquire jurisdiction by attaching the property of such nonresident defendant." As an abstract proposition counsel may be correct in the above statement, but as applied to the facts here, it is unavailing.

Section 931 Burns 1901, §919 R. S. 1881, provides: "The plaintiff shall not have judgment in any such action except in some one of the following cases, viz.: (1) When the defendant shall have been personally served with process. (2) When property of the defendant shall have been attached in the county where the action is brought. (3) When a garnishee shall have been summoned in the county where the action is brought, who shall be found to be indebted to the defendant, or to have property or assets in his hands subject to the attachment."

In *Robbins* v. *Alley* (1872), 38 Ind. 553, in referring to this statute, the court said: "If the defendant is not a resident of the state, the plaintiff may have judgment wherever his action has been commenced in any of the following cases: First, when the defendant has been personally served with process; second, when property of the defendant shall have been attached in the county where the action is brought; or, third, when a garnishee shall have

been summoned in the county where the action is brought, who shall be found to be indebted to the defendant, or to have property or assets in his hands subject to the attachment."

If it be conceded that the writ of attachment was not, in fact, levied upon the property of the principal defendant, still appellant, as garnishee, might be proceeded against, and required to surrender the property, or account for its value.

5.

In *Newman* v. *Manning* (1883), 89 Ind. 422, it was held, in an attachment before a justice of the peace, where the summons against the principal defendant had been returned unserved, and no property had been attached, that there could be no valid judgment entered against the garnishee until after due notice by publication of the principal defendant had been had. Applying this rule to the facts here, as it is shown that due notice was given by publication as to the principal defendant, even if the property was not attached, the judgment against appellant as garnishee is valid.

By §949 Burns 1901, §937 R. S. 1881, it is provided that in an action of this character a return of "no property found" shall not affect the proceedings against the garnishee.

In 1897, the legislature amended §931 R. S. 1881, authorizing a proceeding against a garnishee, "whether a writ of attachment had been issued or not." §943 Burns 1901, Acts 1897, p. 233. In construing this section the Supreme Court, in *Pomeroy* v. *Beach* (1898), 149 Ind. 511, say: "The amendment of 1897 makes provision for garnishee summons without a writ of attachment being issued, and that a judgment may be recovered against the garnishee where no writ of attachment has been issued." Under the amended statute, as under the former, an affidavit in attachment must be filed, and also an affidavit in garnishment before the issuing of the garnishee writ: This was done.

Here garnishee summons was served while the property of the principal defendant was in the possession of appellant, and as we have seen in the former part of this opinion, appellant could not take refuge from the garnishee process on the ground of being a common carrier. It logically follows, therefore, that if jurisdiction was not acquired by the attachment, it was by the service of the garnishee summons. This being true, appellant is bound by the judgment against him.

Judgment affirmed.