# Ralph M. Merrill for use of J. F. Gresly, Appellee, v. Chicago, Burlington & Quincy Railroad Company, Garnishee, Appellant.

## Gen. No. 31,797.

1. GARNISHMENT—*property coming into hands of garnishee after service of writ.* A railroad company is liable as garnishee where property of the defendant, located in the jurisdiction where the suit is brought, comes into the possession of the garnishee as a common carrier between the time of service of the writ and the time of filing its answer.

2. GARNISHMENT—*public policy in holding railroad liable as garnishee.* It is not against public policy to hold a railroad company liable as garnishee for property in its possession as a common carrier.

Appeal by defendant from the Municipal Court of Chicago; the Hon. ALBERT B. GEORGE, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1927. Affirmed. Opinion filed December 21, 1927. Rehearing denied January 6, 1928.

J. A. CONNELL and SIDNEY F. BLANC, for appellant; BRUCE SCOTT, of counsel.

HERBERT A. SCHRYVER, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

On January 21, 1927, J. F. Gresly, as plaintiff, began suit in the municipal court by filing an affidavit of attachment, alleging nonresidence, against Ralph M. Merrill, defendant, for the sum of $156.39. The claim of the plaintiff was described as a balance due the plaintiff from the defendant, Merrill, on a carload of lumber sold and delivered by the plaintiff to him on February 25, 1924. Pursuant to the filing of the affidavit, an attachment writ was issued on March 31, 1926, and summons directed against the Heidler Hardwood Lumber Company and the Chicago, Burlington

& Quincy Railroad Company, as garnishees, to appear before the court on April 14, 1926, and answer. The writ was returned, with the following notation: "No property of the within named defendant found * * * on which to levy this writ, and by order of the plaintiff's attorney, I have served this writ on the within named Chicago, Burlington & Quincy R. R. Co., as garnishee, by delivering a copy thereof to F. X. Meyer, Agt. of said corporation * * * this 1st day of April, 10:55 A. M. '26 * * * "; also, it contained a similar notation showing service on the Heidler Hardwood Lumber Company.

On April 14, 1926, the Chicago, Burlington & Quincy Railroad Company (hereinafter called the Railroad Company) filed an answer as garnishee, stating that at the time of service of the garnishee summons it had no property of any nature or description belonging to Ralph M. Merrill. On April 23, 1926, an attachment notice was filed, showing that an attachment notice was issued on April 19, 1926, giving public notice to Ralph M. Merrill that a writ of attachment had been issued, and that it had been duly posted, and notice sent to him. On April 26, 1926, the Heidler Hardwood Lumber Company (hereinafter called the Heidler Company) filed its answer as garnishee, stating that neither on the date of service, nor since, did it have any money or property belonging to Ralph M. Merrill. On April 30, 1926, the defendant, Ralph M. Merrill, filed his appearance. On June 8, 1926, upon the case being called in open court, and upon defendant Merrill's default, judgment was entered against him in the sum of $156.39; and on motion of the plaintiff, the Heidler Company, as garnishee, was discharged, and the plaintiff was given leave to contest the answer of the Railroad Company.

There was a trial of the garnishment of the Railroad Company, before the court without a jury, and the evidence introduced is substantially as follows: Ralph M.

Merrill did business under the name and style of R. M. Merrill Lumber Company. The Heidler Company did business at 2559 South Robey street, Chicago. It had a switchtrack running into its place from the tracks of the Railroad Company. About two weeks before April 1, 1926, Heidler, of the Heidler Company, had a talk with Merrill, and was informed that as certain lumber which had been received by the Heidler Company, and which belonged to the Merrill Company, was not up to a certain grade, the Merrill Company would take it back and reship it. Subsequent thereto, Heidler had a talk with one Correll, a representative of the Merrill Company. Correll gave him instructions to ship one of two cars to Milwaukee, and one to Jamestown, N. Y. Pursuant to those instructions, the two cars of lumber in question were sent out. The lumber was worth approximately $1,200 to $1,400. Final shipping tickets, in the handwriting of Heidler, were put on the cars. One contained the following: "C. B. & Q. coupon 242476, Car No. N. Y. C. Consignee: R. M. Merrill Lbr. Co. Destination, Jamestown, N. Y., Via Erie R. R.. * * *; Consignor: Heidler Hard. Lbr. Co."; the other was of car number 91090, destination, Milwaukee, and was otherwise generally similar to the first.

On March 31, 1926, the attorney for the plaintiff sent a letter to the Railroad Company. It contained the following:

"I have today started two attachment suits * * *. In each of the suits you will be served as garnishee. I am informed that you have two cars of lumber in your possession now on the track at the Heidler Lumber Company, Robey Street Yard, belonging to the defendant. They are cars NYC 242476 and C&NW 91090. This information will probably enable you to check the cars and make the proper answer as garnishee."

The letter was received by the attorney for the Railroad Company on April 1, 1926. One of the cars was taken into the yards—on the switch of the Heidler Company—on March 27, 1926, and the other on March 29, 1926. They remained there until some time on April 1, 1926.

Lembke, a foreman for Heidler Company, testified that the two cars were loaded up with lumber and stayed there on the switch until some time on April 1, when, later, on that day, they were taken out by the C. B. & Q.

Renn, a yard checker for the Heidler Company, testified that the two cars were on the Heidler switch track on April 1, and were not there on April 2.

It is the evidence of Blanc, attorney for the Railroad Company, that upon receipt of the letter of March 31, he investigated personally to find out if the Railroad Company had in its possession the two cars referred to in the letter; that he found one car had been placed upon the Heidler Company track, empty, on March 27, 1926, and that the other had been delivered to the Heidler Company on its track on March 28, 1926, and was loaded with lumber shipped by the Merrill Company, consigned to the Heidler Company; that that information was obtained by him on the morning of April 1; that as a result, he drew up and filed the answer of the Railroad Company, garnishee, showing no property on hand belonging to the defendant at the time of the service of the garnishee summons; that the answer was filed on April 14, 1926. When he was asked by the court, "Did you not take any account at all of what transpired between the date of the service and the date of the answer?" he answered, "It is our contention that these cars of lumber being in possession of the C. B. & Q. R. R. as a common carrier in course of transportation could not be reached by garnishment process, simply by serving the writ on the carrier."

At the close of the evidence, the learned trial judge entered judgment for the plaintiff and against the Railroad Company, garnishee, in the sum of $161.59. This appeal is by the Railroad Company from that judgment.

As the evidence shows that at the time of the service of the attachment writ, 10:55 a. m. April 1, the two cars, loaded with lumber, were standing on a switch track which ran from the track of the garnishee into the place of business of the Heidler Lumber Company, and, as so loaded, had not been received from any connecting line; that the same day, before the two cars were taken away—so it is admitted—the attorney for the garnishee knew from a letter he received that the two cars, described by road and number, were in process of attachment, the question arises, such being the facts at the time of the service of the writ, whether the garnishee was entitled afterwards, that is, late on April 1, to take the two cars away, and then successfully claim as a defense, by its answer filed on April 14, 1926, that at the time of service of garnishee summons it had no property belonging to the defendant. Made more generic and so simplified, the question is whether or not a common carrier is liable as a garnishee where property of the defendant, located in the jurisdiction where the suit is started, comes into the possession of the garnishee between the time of service of the writ and that of filing its answer in court. It does not involve the right to garnishment where the property is all the time in transit, e.g., merely passing through the jurisdiction where the suit is pending (as in *Michigan Cent. R. Co. v. Chicago & M. L. S. R. Co.*, 1 Ill. App. 399); nor the right where the property of the defendant is in the garnishee's possession but on its road outside of the jurisdiction of the court where the suit is pending (as in *Illinois Cent. R. Co. v. Cobb*, 48 Ill. 402).

In the instant case, the lumber cannot be considered as actually in the possession of the garnishee at 10:55 on the morning of April 1, when the writ was served; but the garnishee actually took possession of it, by taking the two cars, sometimes late on that day, and so had possession some time between service of the writ and the time of filing its answer.

It is contended for the garnishee that a railroad company is not liable as garnishee for property in its possession as a common carrier for transportation; that an attachment is a summary process whereby creditors in this State are afforded a means of holding, within the jurisdiction of the court, property of a nonresident debtor, in anticipation of an adjudication in favor of the creditor and against the nonresident debtor; that by section 21 of the Attachment Act, Cahill's St. ch. 11, ¶ 21, where the sheriff is unable to find property of the defendant, he is authorized to serve the writ on persons in control or possession of property belonging to the defendant; that although no person or class of persons is mentioned as being exempt from liability to service as a garnishee, yet, upon grounds of public policy, the courts have uniformly denied the liability as garnishees of certain persons and corporations, deriving their authority from the law; that if the application of the statute is inimical to the best interests of the public, the legislature will be deemed to have intended that in such cases the particular class of persons or corporations involved shall not be subjected to garnishment (*Millison v. Fisk,* 43 Ill. 112, 118; *Merwin v. City of Chicago,* 45 Ill. 133, 136; *Lightner v. Steinagel,* 33 Ill. 510, 518); that while the cases just cited are confined to municipalities and public officials, on the same broad ground of public policy, the Illinois courts in the cases of *Illinois Cent. R. Co. v. Cobb,* 48 Ill. 402, and *Michigan Cent. R. Co. v. Chicago & M. L. S. R. Co.,* 1 Ill. App. 399, have extended the doctrine to include common carriers in the conduct of their quasi-public function.

Upon an examination of the *Cobb* case, *supra,* it is found that there the shipment sought to be subjected to the garnishment process was in possession of the railroad company in transit and was outside of the county in which the suit was brought; and that in the *Michigan Cent. R. Co.* case, *supra,* the court held that a railroad company was not subject to garnishment where it had in its possession cars of the defendant which were received from a connecting line and were passing over its own line. Obviously, neither of those cases involved the question that arises in the instant case.

In *Malott v. Johnson,* 37 Ind. App. 678, 683, the court said:

"In the last case cited this court said: 'If the property is in possession of the carrier, and the transit has not yet begun, or is completed, and is held by the carrier, either at the place of shipment or the place of delivery, and the property is within the jurisdiction of the court issuing process, there is no reason for holding that the carrier is not subject to garnishee process, the same as individuals or other corporations.'"

In the *Cobb* case, *supra,* Mr. Justice Breese said, though by way of digression: "When the goods are in the depot of a railroad company, in the county in which the attachment proceedings are instituted, there could, perhaps, be no objection to such process, but on this point we express no definite opinion."

In *Davis v. Cleveland, C., C. & St. L. Ry. Co.,* 217 U. S. 157, in which the *Michigan Cent. R. Co.* case in the Appellate Court of this State was cited by Mr. Justice McKenna, it was urged that "to permit the instrumentalities used in the interchange of traffic by railway common carriers to be seized on process from various state courts does directly burden and impede interstate traffic within the inhibition of the acts of Congress." But, after discussing that contention, the learned justice said:

"This can only result if there is incompatibility between the obligations a railroad may have to its creditors and the obligations which it may have to the public, either from the nature of its service or under the acts of Congress. Obligations it surely will have to creditors, inevitable even in providing equipment for its duties,—inevitable in its performance of them. It would seem, therefore, that the contentions of the defendants are but deductions from the broader proposition that all of the property of the railroad company is put apart in a kind of civil sanctuary."

Although, therefore, the *Davis* case does not hold that under the State statute garnishment would lie, but merely holds that the regulation of interstate commerce by Congress does not deprive the State of the right to enforce its own attachment laws, still the reasoning of Mr. Justice McKenna is apt, inasmuch as it practically demonstrates that there is no ground for holding that the property of a railroad company, as it may be affected by the attachment laws of this State, "is put apart in a kind of civil sanctuary." *Rosenbush v. Bernheimer*, 211 Mass. 146; *Pittsburgh, C., C. & St. L. Ry. Co. v. Cox*, 36 Ind. App. 291; *Clifford v. Brockton Transp. Co.*, 214 Mass. 466; *Adams v. Scott*, 104 Mass. 164.

Inasmuch, therefore, as the attachment writ in the instant case was served upon the garnishee on April 1, and the answer of the garnishee was filed on April 14, and between those two dates the garnishee received the property into its possession, in the City of Chicago, we are of the opinion that it was subject to garnishment, and the Railroad Company liable as garnishee.

Some other subjects are discussed by counsel, but after considering them, we do not find them substantially material.

*Affirmed,*

HOLDOM and WILSON, JJ., concur.