LEMONT and others *v.* NEW YORK, L. E. & W. R. Co.[1]

*(Circuit Court, E. D. Pennsylvania.  October 23, 1886.)*

CARRIERS—OF GOODS—PENNSYLVANIA STATUTE OF JUNE 13, 1874—GOODS TAKEN UNDER PROCESS.

Under the Pennsylvania statute of June 13, 1874, (Purd. Dig. [Ed. 1885] 146, pl. 8,) common carriers and other bailees are not responsible to the owner of goods, wares, and merchandise intrusted to them, nor to the holder of the bill of lading or other receipt for the same, when the goods, etc., are taken from them by legal process.

Opinion in Case Stated.

Plaintiffs were commission merchants, doing business in Philadelphia. They made advances on six bills of lading, issued by the defendant at Mansfield, Tioga county, Pennsylvania, for hay, oats, etc., shipped over their road. The consignor obtained the goods fraudulently. When the owners discovered the frauds, they issued attachments under the Pennsylvania statute of July 12, 1842, (Purd. Dig. 989,) and seized two car-loads of hay which had not left Mansfield. The car-load of oats was seized at Elmira, New York, under two at-

[1] Reported by C. Berkeley Taylor, Esq., of the Philadelphia bar.

tachments, and a writ of replevin issued there. The plaintiffs were not parties to any of the suits, but were notified by the defendant as soon as the cars were seized. They did not ask leave to intervene, but notified the defendant that they held the bills of lading, that they had bought the goods in good faith, and that the title was in them. The plaintiffs in the attachment and replevin suits obtained judgments, under which the goods were sold. The plaintiffs then brought this action against the railroad company to recover the value of the goods.

*L. W. Barringer,* for plaintiff.

*J. Reodman Paul* and *George W. Beddle,* for defendant.

BUTLER, J. It is quite plain, on the facts stated, that the defendant is not responsible for the plaintiff's loss. The Pennsylvania statute of June 13, 1874, (Purd. Dig. 44,) governs the case. The object of this legislation was to relieve railroad companies, and other carriers and bailees from the duty (supposed or actual) of defending suits against the property intrusted to their care. The plaintiff received notice of the attachment, and it was his duty to appear and defend, if he supposed any good could be accomplished by doing so.