E. L. THOMAS v. NORTHERN PACIFIC EXPRESS COMPANY.

| 73 | 185 |
| 86 | 35 |
| 86 | 36 |

July 1, 1898.

Nos. 11,117—(139).

Carrier— Delivery to Owner Justification for Nondelivery to Consignee.

When a common carrier has, on demand of the true owner having a right of possession, delivered to him the property bailed, it is a complete justification for nondelivery according to the direction of the bailor.

Same—Notice to Bailor Unnecessary.

It is not necessary to give the bailor notice of such delivery; distinguishing the case in that respect from one where the property has been taken from the carrier on legal process against the bailor.

Fish Illegally Caught—Confusion with Other Fish—Burden of Proof.

Where wild game has been caught or killed at a time or in a manner prohibited by statute, it remains the property of the state, and may be reclaimed by it as the true owner. Where game unlawfully killed has been commingled with game lawfully killed, the burden is upon the possessor to prove, as against the state, what part was lawfully killed, and thereby became his property.

Action in the municipal court of Minneapolis to recover $197.65, the value of certain fish delivered by plaintiff to defendant for transportation, which defendant had failed to deliver to the consignees. The case was tried before Holt, J., without a jury, who ordered judgment in favor of plaintiff for $147.83. From an order denying defendant's motion for a new trial, defendant appealed. Reversed.

*T. E. Byrnes*, for appellant.

Conceding that some of the fish had been legally caught, plaintiff had mixed them with those illegally caught, and all were tainted by the illegality and were subject to seizure, for it was impossible

to discover any that had been legally caught, and none were so found. 2 Parsons, Cont. 137; 2 Blackstone, Com. 404, 405; Chandler v. De Graff, 25 Minn. 88; Brooks v. Lowenstein, 95 Tenn. 262; Dillingham v. Smith, 30 Me. 370; The Idaho, 93 U. S. 575.

The plaintiff and his consignees had no right to notice of the seizure of the fish by the game commission. The plaintiff and his consignees were not the owners of the fish, nor entitled to the possession thereof. The state was the sole owner and the only person entitled to possession, and the express company delivered the fish to the state, as it had a right to do. The carrier is always justified in delivering goods to their owner. The true owner's rights are paramount to the claims of all others. Wells v. American, 55 Wis. 23; Story, Bailm. (9th Ed.) § 52; 2 Parsons, Cont. 94; King v. Richards, 6 Whart. 418; Bates v. Stanton, 1 Duer, 79; Shellenberg v. Fremont, 45 Neb. 487; Wolfe v. Missouri, 97 Mo. 473.

*A. L. Brice,* for respondent.

The carrier is not excused from nondelivery where he has delivered goods to persons setting up an adverse title to that of the consignor, no matter how good that title may be. Western v. Barber, 56 N. Y. 544; Rosenfield v. Express Co., 1 Woods, 131; The Idaho, 93 U. S. 575. The liability of a common carrier ceases if the goods are taken from his possession by legal process, but he must immediately notify the owner of such process. Bliven v. Hudson, 36 N. Y. 403; Hutchinson, Car. § 401; Robinson v. Memphis, 16 Fed. 57.

Under the evidence the court was justified in finding that not all of the fish seized were illegally caught, and that only a portion of each shipment belonged to the state. Had it a right to seize both, regardless of the qualified property which the plaintiff had in such as were legally caught? We contend that it had not. To work a forfeiture of the whole mass when one has confused his own goods with those of another person, two things are requisite, that the confusion be made fraudulently, and that after such confusion the articles be incapable of identification or apportionment. Jewett v. Dringer, 30 N. J. Eq. 291; Hesseltine v. Stockwell, 30 Me.

237; Stephenson v. Little, 10 Mich. 433; Wetherbee v. Green, 22 Mich. 311; Starr v. Winegar, 3 Hun, 491.

MITCHELL, J.

This action was brought to recover damages for the failure of the defendant to deliver to the consignees several small consignments or shipments of fish which plaintiff had delivered to the defendant, as a common carrier, for transportation and delivery to the consignees.

The substance of the defense was that the fish had been caught in the state of Minnesota with nets, contrary to law, and consequently still belonged to the state; and that they were taken from the possession of the defendant by the state through its agent, the game warden. In short, the defendant justified its nondelivery to the consignees by a delivery on demand to the rightful owner.

The trial court found

"That part of each of the shipments aforesaid were fish illegally caught with a gill net, but from the evidence it is impossible to determine what amount was illegally caught, and what was the value and quantity of the fish legally caught."

As a conclusion of law from these facts, the court held that the plaintiff was entitled to recover of the defendant the value of all the shipments, for the reason

"That it does not appear * * * that * * * notice of such seizure was immediately given either to plaintiff or the consignees."

The learned judge evidently confounded two entirely distinct defenses which a common carrier may interpose as a justification for nondelivery of property to the consignee, to wit: First, that he delivered the property on demand to some one else who was the rightful owner and entitled to the possession of it; and, second, that the property was taken from his possession on legal process against his bailor, and that he immediately notified his bailor of the fact. The first is always a sufficient defense of a bailee against the claim of the bailor, and there is no difference in this regard between a common carrier and any other bailee. The Idaho, 93 U. S. 575; Hutchinson, Car. § 404. To constitute the second defense,

the bailee must promptly notify his bailor of the seizure, so as to give him the opportunity to defend his title. The law does not require a common carrier to defend a title of which he presumably knows nothing, but in case of seizure on legal process it does require him to notify his bailor, so that the latter may defend. Where the carrier delivers the property, on demand, to one claiming to be a rightful owner, he of course assumes the burden of proving, as against the claim of his bailor, that such person was the rightful owner; but we know of no rule of law requiring him to give notice to his bailor of such delivery. All of the authorities cited by plaintiff's counsel are cases where the property had been taken from the carrier by legal process.

But in this case the game warden, as agent of the state, claimed and took it as its property. Wild game belongs to the state in its sovereign capacity. No person can acquire any property in it, except by catching or killing it at the time and in the manner authorized by law. If a person catches or kills it at a time or in a manner prohibited by statute, it still remains the property of the state, which may reclaim it. State v. Rodman, 58 Minn. 393, 59 N. W. 1098.

The court does not find by whom or with what intent the fish legally caught were commingled with those illegally caught. In view of the evidence, they must have been intermingled either by the plaintiff or by the fishermen who caught them, and from whom plaintiff bought them. Neither does the court find that they were incapable of being distinguished, but merely that it was impossible to determine from the evidence what amount was legally and what amount was illegally caught.

We do not find it necessary to go into a general discussion of the law relating to the confusion of goods, nor do we think that a case where goods, a part of which confessedly belonged to each of two different persons, are intermingled, is entirely analogous. We have here a case where all of the property originally belonged to the state, and no one could acquire any right to or in it except by catching it at a time and in a manner authorized by statute. At least a part of it still belongs to the state, because caught in an illegal manner. If any person claims that another part, commin-

gled with it, was caught in a legal manner, and thereby became his property, we think the burden is on him to show what part belongs to him, and not on the state to prove what part belongs to it. Where game or fish illegally killed or caught is commingled with that which was legally killed or caught, any other rule would in many cases render it very difficult to enforce the provisions of the game laws.

Order reversed, and a new trial granted.