ORTON A. GRAHAM and Another v. NORTHERN PACIFIC EXPRESS COMPANY.[1]

May 1, 1903.

Nos. 13,443—(51).

**Burden of Proof.**
> Whether the burden of proof is upon the person having possession during the open season and claiming title to wild game alleged to have been caught and taken in violation of law, or upon the state, to show whether the law was violated, quære.

**Evidence.**
> Evidence examined, and held sufficient to sustain the verdict.

Action in the district court for Crow Wing county to recover $284.14 for the conversion of fish delivered to defendant for transportation. The case was tried before McClenahan, J., and a jury, which rendered a verdict in favor of plaintiffs for $261.51. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Frank C. Hale*, for appellant.
*Polk & Polk*, for respondents.

[1] Reported in 94 N. W. 548.
89 M.—13

BROWN, J.

Plaintiffs, a co-partnership doing business at Brainerd, this state, on May 26 and 27, 1902, delivered to defendant, a common carrier, at Brainerd, several barrels and boxes of fish, consigned to one G. A. Castle, at Minneapolis. Defendant accepted the fish for transportation, and upon their arrival at Minneapolis they were seized and taken from its possession by a deputy game warden, acting in behalf of the state of Minnesota, who claimed and asserted that the fish were contraband, caught and taken in violation of law, and the property of the state. Thereafter plaintiffs brought this action to recover from defendant express company the value of the fish, on the ground that they were improperly delivered by the express company to the game warden. Plaintiffs had a verdict in the court below, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The only question presented to this court is whether the evidence is sufficient to sustain the verdict of the jury. The point made by respondent that the burden of proof upon the question whether the fish were caught in violation of the statutes of the state was upon defendant, we need not determine. The court below ruled otherwise upon the trial; requiring plaintiffs to prove in support of their title to the fish that they were caught in the manner permitted by the statute, and not in violation of any of its provisions. The question presents some difficulties. We do not understand that it was determined in the case of Thomas v. Northern Pac. Exp. Co., 73 Minn. 185, 75 N. W. 1120; and, as it was not fully discussed in the briefs in the case at bar, we pass it for future consideration. As stated, the only question presented which we are called upon to consider is whether the evidence is sufficient to sustain the verdict. We have read the record with care, and conclude that the verdict should not be disturbed. Though in some respects the evidence may be said not to be minutely complete, it is substantially sufficient to answer every requirement of the law, and we sustain the verdict without entering into any discussion thereof.

The order appealed from is affirmed.