GULF, COLORADO & SANTA FE RAILWAY COMPANY v. BELTON OIL COMPANY.

Decided January 16, 1907.

**1.—Evidence—Book Entries—Weight of Shipment.**

The books of a shipper, shown to have been kept by a competent book-keeper in the usual course of its business, were admissible against the carrier to establish the weights of carloads of cotton seed as shown by entries therein, though neither the bookkeeper making the entries nor the person who weighed the cars and announced the result testified with reference thereto.

**2.—Evidence—Harmless Error.**

Admission of evidence was harmless, if erroneous, where the same facts were established by other and uncontroverted proof.

**3.—Carrier—Nondelivery—Burden of Proof.**

Where the carrier fails to make delivery of a part of the goods shipped, it is not necessary to prove negligence on his part in order to recover; it is for him to show loss by act of God or other cause for which he was not responsible.

Appeal from the County Court of Bell County. Tried below before Hon. W. R. Butler.

*J. W. Terry* and *A. H. Culwell,* for appellant.—The book entries as to weights were not admissible without the testimony of the man who kept them or the one who weighed the cars. Texas & P. Ry. Co. v. Leggett, 12 Texas Ct. Rep., 919.

There are many things which would have excused the carrier for a failure to deliver the cotton seed. It was in no sense an insurer that the product would reach destination, it was only liable for any loss occasioned through its negligence.

*Durrett & Pendleton,* for appellee.—The liability of common carriers in this State is the same as prescribed by the common law, and the only defenses for the loss of goods while in the care of a common carrier are the act of God, or a public enemy, the fault of the owner, or a seizure of the goods under legal process; and unless the loss was due to one of these agencies, it is immaterial whether the carrier was negligent or otherwise. Rev. Stats. 1900, art. 319; Bibb v. Missouri, K. & T. Ry. Co., 84 S. W. Rep., 663.

KEY, ASSOCIATE JUSTICE.—Appellee sued and recovered a judgment against appellant on account of a shortage in two cars of cotton seed, shipped from and to points within this State. Appellee submitted testimony tending to show that some of the cotton seed delivered to appellant and received by it for shipment was not in the cars when they reached the point of destination, and was not delivered to appellee. On this evidence, which supports the verdict, appellee recovered, and appellant seeks a reversal on account of certain alleged errors.

There is no merit in the assignment relating to the admission of testimony. The book referred to was kept by a competent bookkeeper, and a proper predicate was laid for its admission in evidence. Besides, the same facts were proved by two of appellant's agents.

Under certain other assignments it is contended that the burden rested upon the plaintiff to show that the defendant was guilty of negligence. This contention is unsound. The plaintiff was not required to prove negligence on the part of the defendant. When a common carrier receives property for shipment, it is liable for its value if it fails to deliver to the consignee or in accordance with the terms of its contract, unless it be shown that the loss was caused by an act of God or the public enemy or the fault of the owner or by reason of the seizure of the property under legal process.

No error has been shown and the judgment is affirmed.

*Affirmed.*