AMERICAN EXPRESS COMPANY *v.* MULLINS.

ERROR TO THE CIRCUIT COURT OF KENTON COUNTY, STATE OF KENTUCKY.

No. 77.   Argued January 14,-15, 1909.—Decided February 23, 1909.

Where in the state court defendant distinctly claimed that a recovery would be prevented if full faith and credit were given to a judgment of the courts of another State, and this claim is expressly denied, this court has jurisdiction to review under § 709, Rev. Stat.

The duty of the carrier to safely carry and promptly deliver to the consignee the goods entrusted to it does not require it to forcibly resist judicial proceedings in the courts of the State into or through which the goods are carried.

While the carrier may appear and contest the validity of a seizure under judicial process of goods in its custody, if it seasonably notify the owner and call upon him to defend, it is relieved from further responsibility; and, in absence of fraud or connivance on its part, it may plead the judgment rendered against it as a bar in an action brought by the owner.

Where the state court has sustained a demurrer to an answer which set forth a complete defense in the absence of fraud, connivance or consent on defendant's part, this court will determine for itself from the record whether the record shows any fraud, connivance or consent.

A judgment is conclusive as to all *media concludendi* and cannot be impeached in or out of the State by showing it was based on mistake of law. *Fauntleroy* v. *Lum*, 210 U. S. 230.

DEFENDANT in error brought his action in the Circuit Court of Kenton County, Kentucky, against the plaintiff in error to recover the value of twenty packages of whisky which he had delivered to the company at Covington, Kentucky, on March 10, 1904, to carry C. O. D. to Oswego, Labette County, Kansas. Each package was consigned to a separate consignee. The petition alleged that the defendant failed to deliver the whisky, or to collect the money therefor, or to return the whisky to the plaintiff. The answer was in effect that the company carried the whisky to Oswego, where it was seized and taken out of its possession by the sheriff of the county, under a warrant with seizure clause attached, duly issued by the District Court of the county, and that it was destroyed in pursuance of a judgment duly rendered by that court. It further alleged that the District Court had full jurisdiction in the premises, and was authorized to issue the warrant, and that it was valid on its face; that a notice was duly issued out of the court notifying any and all persons claiming any interest in the whisky to appear at a day and hour named to answer the complaint made against the whisky, and show cause why it should not be forfeited and destroyed; that this notice was served on the company, and a true copy posted in its office where the whisky was seized; that the company promptly notified plaintiff of the seizure, and served on him a copy of the notice issued by the court, and that he acknowledged receipt thereof fifteen days before the day set for answer, and advised the company that he intended to contest the legality of the seizure. A copy of the proceedings in the Kansas court was attached to the answer as an exhibit.

The answer further claimed that the judgment of the District Court of Kansas was entitled to full faith and credit under the Constitution and laws of the United States. A demurrer was sustained to the answer, and the company declining to plead further, judgment was rendered against it for the value of the

whisky.    The Circuit Court of Kenton County is the highest
court of the State in which a decision could be had.   Kentucky
Statutes, 1903, § 950.

*Mr. Joseph S. Graydon,* with whom *Mr. Lawrence Max-*
*well, Junior,* and *Mr. Lewis Cass Ledyard* were on the brief,
for plaintiff in error.

No counsel appeared, nor was any brief filed, for defendant
in error.

MR. JUSTICE BREWER, after making the foregoing statement,
delivered the opinion of the court.

This court has jurisdiction because of the claim distinctly
made in the Kentucky court that giving full faith and credit
to the judgment of the Kansas court would prevent a recovery
against the company, a claim which was expressly denied by
the Kentucky court.  *Green* v. *Van Buskerk,* 7 Wall. 139, 145;
*Hancock National Bank* v. *Farnum,* 176 U. S. 640, 642; *St. Louis,*
*Iron Mountain & Southern Ry. Co.* v. *Taylor,* 210 U. S. 281, 293.

While it is the duty of a carrier to safely carry and promptly
deliver to the consignee the goods entrusted to its care, yet
that duty does not call upon it to forcibly resist the judicial
proceedings in the courts of the State into or through which
it is carrying them.   The company carried the goods to Kansas
in obedience to the terms of the shipment.   On arrival in that
State they were taken by judicial process out of its possession
and destroyed, the process being issued in a proceeding in the
nature of one *in rem.*   Undoubtedly, it was authorized to ap-
pear in the Kansas court and contest for the rightfulness of
its possession, but it might also notify the owner of the prop-
erty and call upon him to carry on the litigation.   This it did;
notified him in time, and received from him an assurance that
he would contest the legality of the seizure.   This relieved the
company from further responsibility, and the owner can no
longer complain of it because the judgment of the Kansas
court seized and disposed of the property.   *Stiles* v. *Davis,* 1

Black, 101; *Wells* v. *Maine Steamship Company*, 4 Cliff. 228; *Edwards* v. *White Line Transit Company*, 104 Massachusetts, 159; *Bliven* v. *Hudson River R. R. Co.*, 36 N. Y. 403; *Ohio & Mississippi Ry. Co. v. Yohe*, 51 Indiana, 181; *Savannah &c. R. R. Co. v. Wilcox, Gibbs & Co.*, 48 Georgia, 432; *Railroad Company* v. *O'Donnell*, 49 Ohio St. 489, 501.

In the opinion of the judge of the Kentucky Circuit Court it was said:

"The court is of the opinion that the conduct of the defendant in permitting the goods to be seized and destroyed under a judgment by default, as disclosed by its answer, without defending and asserting its rights as a carrier, which its duty as carrier required it to do, is in effect a fraud, and certainly no judgment suffered to be rendered by the consent, connivance or fraud of the carrier can be relied upon to relieve the person by whose consent, connivance or fraud it was rendered from a legal obligation."

It is undoubtedly true that if the carrier, through connivance or fraud, permits a judgment to be rendered against it, such judgment cannot be invoked by it as a bar to an action brought by the owner of the goods. But there is nothing in the answer, a demurrer to which was sustained, indicating any consent, connivance or fraud, and this court will determine for itself whether there is anything in the record which shows any such consent, connivance or fraud. *Harris* v. *Balk*, 198 U. S. 215.

It was further suggested in the opinion of the judge of the Kentucky court that the Kansas judgment was wrong and in conflict with the decision of this court in *American Express Company* v. *Iowa*, 196 U. S. 133. But as held in *Fauntleroy* v. *Lum*, 210 U. S. 230, 237:

"A judgment is conclusive as to all the *media concludendi*, *United States* v. *California & Oregon Land Co.*, 192 U. S. 355; and it needs no authority to show that it cannot be impeached either in or out of the State by showing that it was based upon a mistake of the law."

We are of opinion that the Circuit Court of Kentucky erred, and its

*Judgment is reversed and the case remanded to that court for further proceedings not inconsistent with this opinion.*