GULF, C. & S. F. RY. CO. v. McKIE.
(No. 5692.)

(Court of Civil Appeals of Texas. Austin. Nov. 24, 1916. On Motion for Rehearing, Dec. 23, 1916.)

1. CARRIERS ☞92—CARRIERS OF GOODS—SEIZURE OF GOODS UNDER ATTACHMENT — LIABILITY.

At common law, when property received by a common carrier under contract of shipment is taken from its possession by a sheriff or other officer acting under judicial process, the carrier's liability ceases.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 343, 364–366; Dec. Dig. ☞92.]

2. CARRIERS ☞94(5)—CARRIERS OF GOODS—SEIZURE OF GOODS UNDER ATTACHMENT — LIABILITY.

In an action against a carrier for failure to deliver goods, the defense being that the goods had been taken under attachment issued by a justice court in another state, since, in the absence of proof to the contrary, it will be presumed that the law of the other state is the same as Texas law, the power of a justice of the peace to issue an attachment will be presumed, and, since the federal Constitution requires each state to give full faith and credit to judgments of courts of other states, there was no question of law whether the court of the other state had power to issue the attachment, and therefore refusal of an instruction that the carrier was not liable for failure to deliver if the goods were tak-

en under attachment could not be said to be non-prejudicial.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 386, 387; Dec. Dig. ☞94(5).]

3. EVIDENCE ☞474(19)—CARRIERS—FAILURE TO DELIVER — EVIDENCE OF VALUE — OPINION.

Plaintiff in an action against a carrier for failure to deliver goods could not testify as to their market value at point of destination in the absence of testimony showing his qualification.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2218; Dec. Dig. ☞474(19).]

On Motion for Rehearing.

4. APPEAL AND ERROR ☞1177(2) — DISPOSITION OF CAUSE—RENDITION OF JUDGMENT.

Where it does not appear that the case has been fully developed as to one issue, it should on reversal be remanded, and judgment should not be rendered in the court on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597, 4598; Dec. Dig. ☞1177(2).]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by B. G. McKie against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed, and judgment rendered. On motion for rehearing. Motion granted. Judgment reversed, and cause remanded.

Nat Harris and Spell & Sanford, all of Waco, for appellant. W. L. Eason, of Waco, for appellee.

KEY, C. J. Appellee sued appellant in the county court of McLennan county, and recovered judgment for the alleged value of 25 bales of cotton linters, shipped from Honey Grove, Tex., to Lima, Ohio. Among other things, the defendant pleaded and proved that the shipment in question was made in the name of S. R. Thompson, as owner; that after the property reached its destination, in a suit brought in a justice of the peace court in Allen county, state of Ohio, by the Lima Mattress Company against S. R. Thompson, an attachment was issued out of that court and levied upon the 25 bales of linters in controversy; that the constable who made the levy took the property referred to from the possession of appellant, and it was thereafter sold by that officer under an order of sale issued by the justice's court to satisfy a judgment for $157.22 and costs, which had been rendered by that court. Before the case referred to was tried, appellee and his agent, S. R. Thompson, had notice that the 25 bales of cotton had been levied upon and seized by the constable under the attachment referred to. There was a jury trial, which resulted in a verdict and judgment for the plaintiff, and the defendant has appealed.

We sustain the first and second assignments of error, and reverse the judgment. The first assignment complains of the trial court's refusal to give the following instruction:

"Gentlemen of the jury, you are instructed that, if you find and believe from the evidence that the 25 bales of linters sued for were taken from the possession of the defendant under and by virtue of a writ of attachment issued out of a court having jurisdiction, in a valid, legal proceeding, then you will find for the defendant, Gulf, Colorado & Santa Fé Railway Company."

In the chapter of our Revised Statutes relating to bills of lading it is declared:

"The carrier shall not be liable under the provisions of this chapter, where the property has been replevied or levied upon or taken from the possession of the carrier by other legal process, or has been lawfully sold to satisfy the carrier's lien."

It is contended on behalf of appellant that, as the property for the value of which this suit is brought was taken from its custody by an officer acting under a writ of attachment issued by a justice of the peace, the statute just quoted exempts appellant from liability, although the suit in which the attachment was issued was brought against a third person, and appellee was not a party thereto. The exemption referred to is limited to liability under the provisions of chapter 2 of title 20 of the Revised Statutes, and the liability asserted against appellant in this case does not seem to be covered by that chapter. Hence we doubt if appellant can claim the benefit of the exemption fixed by article 723.

[1] However, we agree with counsel for appellant that at common law the weight of authority and reason supports their contention that when property received by a common carrier, under a contract of shipment, is taken from the possession of such carrier by a sheriff or other officer, acting under judicial process, the liability of such carrier ceases, and it cannot be held responsible for its failure to deliver the property to the consignee. M. P. Ry. Co. v. Barnes, 2 Willson, Civ. Cas. Ct. App. § 576; Railway Co. v. Belton Oil Co., 45 Tex. Civ. App. 44, 99 S. W. 430; Bliven v. Railway Co., 36 N. Y. 403; Railway Co. v. Wilcox, 48 Ga. 432; Railway Co. v. Yohe, 51 Ind. 181, 19 Am. Rep. 727; McAlister v. Railway Co., 74 Mo. 351; Pingree v. Railway Co., 66 Mich. 143, 33 N. W. 298, 11 Am. St. Rep. 479; Burton v. Wilkinson, 18 Vt. 816, 46 Am. Dec. 145; Jewett v. Olsen, 18 Or. 419, 23 Pac. 262, 17 Am. St. Rep. 745; Lemont v. Railway Co. (C. C.) 28 Fed. 920; Stiles v. Davis, 1 Black, 101, 17 L. Ed. 33; Railway Co. v. Bossut, 10 N. M. 322, 62 Pac. 977; Amer. Express Co. v. Mullins, 212 U. S. 311, 29 Sup. Ct. 381, 53 L. Ed. 525, 15 Ann. Cas. 536; Southern Express Co. v. Sottle, 134 Ga. 40, 67 S. E. 414; Railway Co. v. O'Donnell, 49 Ohio St. 489, 32 N. E. 476, 21 L. R. A. 117, 34 Am. St. Rep. 579; Robinson v. Railway Co. (C. C.) 16 Fed. 57; Thomas v. Express Co., 73 Minn. 185, 75 N. W. 1120; 4 R. C. L. 198, 199, 299; 1 Moore, Carriers, pp. 327–331; 2 Hutchinson, Carriers, pp. 821, 829.

In Stiles v. Davis, supra, which was similar to the instant case, the Supreme Court of the United States, among other things, said:

"After the seizure of the goods by the sheriff under the attachment, they were in the custody of the law, and the defendant could not comply with the demand of the plaintiffs without a breach of it, even admitting the goods to have been at the time in his actual possession. The case, however, shows that they were in the possession of the sheriff's officer or agent, and continued there until disposed of under the judgment upon the attachment. It is true that these goods had been delivered to the defendant as carriers by the plaintiffs, to be conveyed for them to the place of destination, and were seized under an attachment against third persons; but this circumstance did not impair the legal effect of the seizure or custody of the goods under it, so as to justify the defendant in taking them out of the hands of the sheriff. The right of the sheriff to hold them was a question of law to be determined by the proper legal proceedings, and not at the will of the defendant, nor that of the plaintiffs."

In American Express Co. v. Mullins, supra, the same court, speaking through Mr. Justice Brewer, said:

"While it is the duty of a carrier to safely carry and promptly deliver to the consignee the goods intrusted to its care, yet that duty does not call upon it to forcibly resist the judicial proceedings in the courts of the state into or through which it is carrying them. The company carried the goods to Kansas in obedience to the terms of the shipment. On arrival in that state they were taken by judicial process out of its possession and destroyed; the process being issued in a proceeding in the nature of one in rem. Undoubtedly it was authorized to appear in the Kansas court and contest for the rightfulness of its possession, but it might also notify the owner of the property and call upon him to carry on the litigation. This it did; notified him in time, and received from him an assurance that he would contest the legality of the seizure. This relieved the company from further responsibility, and the owner could no longer complain of it because the judgment of the Kansas Court seized and disposed of the property."

In Railway Co. v. Yohe, supra, in discussing the question here involved, the Supreme Court of Indiana said:

"It is impossible for the carrier to deliver the goods to the consignee, when they have been seized by legal process and taken out of his possession. The carrier cannot stop, when goods are offered to him for carriage, to investigate the question as to their ownership. Nor do we think he is bound, when the goods are so taken out of his possession, to follow them up, and be at the trouble and expense of asserting the claim thereto of the party to or for whom he undertook to carry them. We do not think it material what the form of the process may be. In every case the carrier must yield to the authority of legal process. * * * The carrier is deprived of the possession of the property by a superior power, the power of the state, the vis major of the civil law, and in all things as potent and overpowering, as far as the carrier is concerned, as if it were the 'act of God or the public enemy.' In fact, it amounts to the same thing; the carrier is equally powerless in the grasp of either."

The other authorities cited above tend more or less to support the same conclusion. We are satisfied with the reasoning set forth in the opinions from which we have quoted, and therefore hold that the undisputed proof shows that appellant is not liable.

[2] Counsel for appellee contends that the trial court committed no error in refusing to give appellant's requested instruction, because that instruction would have required the jury to pass upon a question of law, and determine whether or not the Ohio court had jurisdiction to issue the writ under which the property was seized. Counsel for appellee says that, if counsel for appellant are correct in their contention that the undisputed proof shows that appellant was not liable because of the fact that the property was taken from its custody under legal process, they should have requested a peremptory instruction for appellant, and complained of the action of the court in refusing to give such instruction. The course suggested would have been entirely proper, but we do not think that the failure to pursue that course has deprived appellant of the right to complain of the action of the trial court in refusing to give the charge requested. If that charge contained error, as contended on behalf of appellee, such error was in favor of, and not against, appellee; and we are not prepared to hold that, if the charge had been given, the verdict of the jury would have been the same, although there was no affirmative proof offered as to the power of a justice of the peace in the state of Ohio to issue a writ of attachment. There was no necessity of such proof, and the court might well have so instructed the jury, because: (1) In the absence of proof to the contrary it will be presumed that the law of any other state is the same as the law of Texas; and (2) the federal Constitution requires each state to give full faith and credit to judgments rendered by courts of other states. In this case the Ohio court not only issued the writ of attachment, but rendered judgment foreclosing the same, and requiring the property to be sold, which was done.

[3] Furthermore, we hold that the trial court committed reversible error when it permitted the plaintiff, over appellant's objection, to testify as to the market value of the property shipped in Lima, Ohio, the place of destination. The witness failed to show that he was qualified to give testimony upon that subject, and for that reason the case should be reversed; and, as the undisputed proof shows that appellant is not liable, final judgment will be rendered by this court for appellant.

Reversed and rendered.

### On Motion for Rehearing.

[4] After further consideration of this case upon appellee's motion for rehearing, we have reached the conclusion that this court fell into error when it rendered judgment against appellee. We still hold that, if the cotton for the value of which this suit was brought was taken from the possession of the carrier

by an officer of the state of Ohio, acting under an attachment issued by a court of that state, and was not returned to the carrier, appellee is not entitled to recover. The identity of the cotton seized by the Ohio constable and that delivered to appellant for shipment was not submitted to the jury; and we are now of opinion that appellee has the right to have that question tried and determined in the trial court. In other words, while the proof may sustain our finding upon that subject as stated in our former opinion, it does not appear that the case cannot be more fully developed upon that issue, and for that reason we hold that appellee is entitled to have it passed upon by a jury. We adhere to the other rulings disclosed by our former opinion.

For the reasons stated, appellee's motion for rehearing is granted, and the judgment of this court reformed so that the case will stand reversed and remanded.

Motion granted. Judgment reversed, and cause remanded.