OWOSSO MFG. CO. v. CHICAGO, R. I. & P. R. CO. et al. (No. 6037.)

(Court of Civil Appeals of Texas. San Antonio. May 8, 1918. Rehearing Denied May 29, 1918.)

1. APPEAL AND ERROR ⬅671(5) — RECORD — EVIDENCE.

A letter in evidence, construed as one of agency, not being in the record, the finding of agency, with a circumstance tending to support it, cannot be disturbed, though there is evidence tending to show prior different and inconsistent relation.

2. CARRIERS ⬅132 — CONVERSION — UNAUTHORIZED DELIVERY—INJURY—BURDEN OF PROOF.

The shipper suing for conversion, by delivery other than to shipper's order, contrary to the bill of lading, has the burden not only of showing this, but also that he was injured thereby.

3. APPEAL AND ERROR ⬅704(2) — RECORD — EVIDENCE.

The finding against the plaintiff on a fact which he had the burden of establishing cannot be disturbed on appeal; the record not containing affirmative evidence of the fact.

Appeal from Bexar County Court.

Action by the Owosso Manufacturing Company against the Chicago, Rock Island & Pacific Railroad Company and others. From an adverse judgment, plaintiff appeals. Affirmed.

H. M. Aubrey, of San Antonio, for appellant. Mason Williams, of San Antonio, for appellees.

SWEARINGEN, J. The appellant, Owosso Manufacturing Company, brought this suit to recover $650 damages for conversion of wooden crates shipped by the appellant, but never delivered to appellant. The original petition complained of the Chicago, Rock Island & Pacific Railway Company, Cecil A. Lyon, and J. A. Baker, as receivers of the International & Great Northern Railway Company, and Duval West and A. R. Ponder, as receivers of the San Antonio, Uvalde & Gulf Railroad Company. No service was had upon the Chicago, Rock Island & Pacific Railway Company, which was dismissed. The death of Cecil A. Lyon, coreceiver of the International & Great Northern Railway Company, was suggested and the cause discontinued as to him; it being shown that J. A. Baker became sole receiver. It was made to appear that Duval West terminated his authority as coreceiver of the San Antonio, Uvalde & Gulf Railroad Company, and that A. R. Ponder became the sole receiver of the San Antonio, Uvalde & Gulf Railroad Company. The suit was discontinued as to Duval West. There was no jury. Judgment was rendered against appellant and in favor of A. R. Ponder, receiver of the San Antonio, Uvalde & Gulf Railroad Company, and Jas. A. Baker, receiver of the International & Great Northern Railway Company.

The original petition alleged the delivery to the common carriers sued, upon a contract evidenced by a bill of lading by the terms of which the goods were to be delivered to appellant, the shipper, at Viola, Tex., and that the goods were neither delivered to the shipper by the defendant common carriers nor paid for by them, though delivery or payment was demanded. The receivers for the International & Great Northern Railway Company and the San Antonio, Uvalde & Gulf Railroad Company generally and specially excepted to the petition and filed general denials. It was specially answered that the bill of lading contained a provision absolving the defendant carriers from liability for goods after unloading at a nonagency station, which Viola, Tex. the destination, was. It was further answered that the crates were delivered to an agent or representative of appellant at a destination directed by the representative of appellant.

Upon request for findings of fact the trial court found that the freight was delivered to the common carriers as alleged; that the bill of lading was issued to shipper's order and described the merchandise; that the goods were transported and delivered to an agent of the appellant at a destination ordered by said agent; and further found that appellant suffered no damage by reason of the delivery.

Three assignments are presented, all of which complain that the judgment is contrary to the evidence for the reason that the delivery was made, without authority, to A. A. Whitney, who was not the agent of appellant, and that such unauthorized delivery was a conversion.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] As has been stated, the trial court found as a fact that Whitney was an agent of appellant with authority to receive the freight, and that said agent did receive the freight at its authorized destination. This finding seems to have been excepted to. The statement of facts before us is so obviously incomplete that we are not able to declare that the finding complained of has no evidence to support it, though the statement discloses a conflict upon the issue of agency; for instance, the evidence would sustain a finding that appellant sold the goods to Whitney, the sale to become effective when the goods were paid for, until the payment the goods to remain the property of the owner of the bill of lading, the testimony to that effect being the bill of lading which bound the carriers to deliver the goods to the order of appellant at destination, and the further fact that a draft for the amount of the purchase price was drawn on Whitney with the bill of lading attached. This evidence proves that the relation between appellant and Whitney was that of seller and buyer, which relation is repugnant to and inconsistent with the relation of principal and agent. Closner & Sprague v. Acker, 200 S. W. 421, and authorities therein cited. Had Whitney paid the draft and obtained the bill of lading, he would have acquired the right to receive the freight as owner, but not as agent. On the other hand, the trial court had before it a letter from appellant to Whitney, which was construed by the appellees as written authority from appellant for Whitney to receive the goods without presenting the bill of lading. This letter is not shown in the statement of facts. The construction placed upon the letter just mentioned by the carriers is corroborated by the fact found by the trial court, and supported by ample testimony, that appellant was notified of the delivery to Whitney promptly, but made no objection to said delivery for nearly a year, though there was continuous correspondence in reference to demurrage claimed by the delivering carrier.

It appears probable that when the bill of lading was issued, appellant considered that the relation between it and Whitney was that of vendor and purchaser; but that the relation was changed prior to the arrival of the shipment, and that the letter mentioned, but not copied in the statement of facts, evidenced that changed relationship. At any rate, in order to reverse the trial court's finding of the fact of agency, it is necessary for the record to show affirmatively that the said letter did not authorize the trial court's finding as a fact that the letter authorized Whitney to represent appellant as its agent to receive the freight at destination.

[2, 3] Then again the trial court found as a fact that appellant suffered no loss by this delivery to Whitney. There is no evidence that appellant never received the crates; nor is there any evidence that appellant never received payment from some one for the crates. Appellant alleged that the carrier never paid for nor delivered the crates to it. The court found that the delivery was to appellant's agent. If true, appellees are absolved. There is no positive testimony that this finding is not correct as above shown. But if this finding of the trial court were incorrect, and we were authorized by the record to so hold, a reversal of this case would be restrained by the entire absence from the statement of facts of any evidence to prove that appellant was not paid for its goods by Whitney or some other purchaser. The burden was upon appellant to establish this fact. No such evidence appears in the record. On the contrary, the trial court found that appellant suffered no loss by the delivery to Whitney. We are bound by this finding of fact in the absence of affirmative evidence to the contrary.

A carrier is bound by a bill of lading to shipper's order to deliver the goods to the shipper's order only, and a delivery not to shipper's order is a conversion; if this conversion causes loss to the shipper, the carrier becomes liable for the damages proximately caused by such conversion. G., C. & S. F. Ry. Co. v. Ada Clark, 2 Willson, Civ. Cas. Ct. App. § 512; Trice v. Miller, 3 Willson, Civ. Cas. Ct. App. § 440; H. & T. C. R. R. Co. v. Adams, 49 Tex. 757, 758, 759, 30 Am. Rep. 116; Southern Pacific v. Maddox, 75 Tex. 309, 12 S. W. 815; Railroad Co. v. Seley, 31 Tex. Civ. App. 158, 72 S. W. 89; Railroad Co. v. Belton Oil Co., 45 Tex. Civ. App. 44, 99 S. W. 430; Express Co. v. Hertzberg, 17 Tex. Civ. App. 100, 42 S. W. 795; Express Co. v. Critzer, 42 S. W. 1017; Williamson v. Railroad Co., 138 S. W. 807; Railroad Co. v. Hall & Brown, 23 Tex. Civ. App. 211, 56 S. W. 140, 142; Railroad Co. v. Bank, 77 Ark. 482, 92 S. W. 522, 113 Am. St. Rep. 160; G., C. & S. F. Ry. Co. v. Freeman, 4 Willson, Civ. Cas. Ct. App. § 246, 16 S. W. 109; Missouri, I. & M. Co. v. T. P. Ry. Co., 198 S. W. 1067. But the trial court has found that there was no conversion, and has also found that there was no loss. The evidence in the statement of facts before us does not authorize us to reverse those findings.

We overrule the three assignments, and affirm the judgment.