Sebastian SCOLA, Plaintiff, Appellee,

v.

BOAT FRANCES R., INC.,
Defendant, Appellant.

No. 76–1379.

United States Court of Appeals,
First Circuit.

Submitted Dec. 6, 1976.

Decided Dec. 30, 1976.

---

Solomon Sandler, Gloucester, Mass., Martin S. Cosgrove and Lewis C. Eisenberg, Quincy, Mass., on brief, for appellant.

David B. Kaplan, Joseph Abromovitz, and Kaplan, Latti & Flannery, Boston, Mass., on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is an appeal by the Boat Frances R., Inc. from a judgment in favor of plaintiff seaman following a jury verdict. In a prior state court proceeding, which plaintiff terms a "friendly suit," more accurately, perhaps, an unfriendly suit, defendant obtained a consent judgment against itself in a miniscule amount. The sole issue on this appeal is whether that judgment is binding under the full faith and credit clause of the Constitution, Art. IV, § 1, or stands no better than a seaman's voidable release, *Garrett v. Moore-McCormack Co.*, 1942, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239.

We are faced first with plaintiff's claim that defendant has not properly preserved this issue for appeal. Plaintiff points to a number of steps that defendant failed to take at and after trial, including defects in the timing and content of its motions for a directed verdict and judgment n. o. v., and its failure to object to the charge to the jury in respect to fraud vitiating a release. Plaintiff's arguments miss the point, because defendant did object to the denial of an earlier motion for summary judgment. If this motion, which was based on the effect of the state court judgment, should have been granted, defendant did not, after its denial, lose its rights by defending itself on the merits. Cf. *Krock v. Electric Motor & Repair Co.*, 1 Cir., 1964, 327 F.2d 213, 215, *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298; *Coca Cola Bottling Co. v. Hubbard*, 8 Cir., 1953, 203 F.2d 859, 862 (unobjected to portion of charge does not become the law of the case when issue is directed verdict). When rights have been duly saved, they are not lost, or waived, by subsequent proceedings which would not have taken place had the movant's position prevailed.

Defendant misconceives the scope of the extent that foreign judgments are entitled to full faith and credit. It is well settled that extrinsic fraud in the procurement of a judgment subjects it to collateral attack. *Griffith v. Bank of New York*, 2 Cir., 1945, 147 F.2d 899, *cert. denied*, 325 U.S. 874, 65 S.Ct. 1414, 89 L.Ed. 1992; *Chisholm v. House*, 10 Cir., 1947, 160 F.2d 632, 643; *see American Express Co. v. Mul-*

*lins,* 1909, 212 U.S. 311, 314, 29 S.Ct. 381, 53 L.Ed. 525. The distinguishing characteristic of extrinsic fraud is that,

"by some fraud practised directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court." *United States v. Throckmorton,* 1878, 98 U.S. 61, 66, 25 L.Ed. 93.

Accordingly, a consent judgment procured by duress or fraud is open to collateral attack. *Griffith v. Bank of New York,* ante; *Chisholm v. House,* ante.

■■ The state court consent judgment does not, therefore, constitute here an inviolable bar to the present suit. Once it is vulnerable, the question that remains is the burden of proof: must plaintiff prove fraud, as in an ordinary collateral attack, or, as the district court ruled, is the rule of *Garrett v. Moore-McCormack Co.,* ante, requiring the defendant to establish the validity of a release, applicable to a consent judgment. This is a federal matter. The *Garrett* rule is based on the doctrine that seamen are "wards of admiralty" whose rights must be carefully protected against the overreaching of their employers. 317 U.S. at 246–48, 63 S.Ct. 246. It would hardly be consistent with this policy to permit shipowners to evade the *Garrett* rule by the simple expedient of using uncomprehended consent judgment agreements rather than uncomprehended releases. The defendant having, in connection with its motion, made no showing that the consent judgment was "executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights," *id.* at 248, 63 S.Ct. at 252, the district court's denial of defendant's motion for summary judgment was clearly proper.

*Affirmed.*