Joseph **WHALEY** and Juanita Whaley, individually and as a marital community, Plaintiffs–Appellants,

v.

Dennis **RYDMAN**; A.O. Nordheim; Peter Njardvik; and Harold Mannes, Defendants–Appellees.

Joseph **WHALEY** and Juanita Whaley, individually and as a marital community, Plaintiffs–Appellees,

v.

Dennis **RYDMAN**, Defendant–Appellant,

and

A.O. Nordheim; Peter Njardvik; and Harold Mannes, Defendants.

Nos. 88–3946, 88–3961.

United States Court of Appeals, Ninth Circuit.

Argued Sept. 11, 1989.

Submission Withheld Sept. 12, 1989.

Resubmitted Sept. 15, 1989.

Decided Oct. 20, 1989.

Terry J. Barnett, Groshong, Lehet & Thornton, Seattle, Wash., for plaintiffs-appellants.

Harold A. Thoreen, Seattle, Wash., for defendant-appellee/cross-appellant Rydman.

Elizabeth K. Reeve, Paul N. Daigle, Schwabe, Williamson, Wyatt & Lenihan, Seattle, Wash., for defendants-appellees Nordheim, Njardvik and Mannes.

Before WRIGHT, WALLACE and THOMPSON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

We consider if the district court properly dismissed on res judicata grounds Joseph and Juanita Whaley's action under maritime law.

## BACKGROUND

In May 1986, Whaley seriously injured his head while working as a member of the crew of a fishing vessel owned by A.O. Nordheim, Peter Njardvik and Harold Mannes. Dennis Rydman skippered the boat. After medical and neurophysiological tests indicated brain damage impairing daily functioning and unfitness for duty, Nordheim began to pay Whaley advances against unearned wages.

In September, Nordheim stopped paying and Whaley filed a federal action under maritime law against the owners of the vessel. He asked for damages based on negligence [1] and unseaworthiness,[2] and for maintenance and cure.[3] In November, he discharged his attorneys by letter, refusing to talk with them when they called.

He then signed an agreement releasing all claims against the defendants, and District Judge Rothstein entered a judgment dismissing his action with prejudice. Some months later, Whaley filed an amended complaint alleging the same injury as in the first action against the same defendants, but contending that the release was coerced. He named Rydman as an additional party. He also asserted a claim for

---

1. A seaman may seek a remedy for negligence under the Jones Act. 46 U.S.C.App. § 688; *California Home Brands, Inc. v. Ferreira,* 871 F.2d 830, 833 (9th Cir.1989). *See generally* 2 M. Norris, *The Law of the Seamen* § 30 (4th ed. 1985).

2. Under the doctrine of seaworthiness, a shipowner owes its seamen a duty to provide a seaworthy ship and equipment reasonably fit

for its intended purpose. *Ferreira,* 871 F.2d at 832. *See generally* M. Norris, § 27.

3. Maintenance and cure is the obligation of a shipowner to care for a seaman injured in the course of employment. *Kopczynski v. The Jacqueline,* 742 F.2d 555, 559 (9th Cir.1984), *cert. denied,* 471 U.S. 1136, 105 S.Ct. 2677, 86 L.Ed.2d 696 (1985). *See generally* M. Norris, § 26.

intentional interference with a seaman's rights against all defendants, and Mrs. Whaley brought a loss of consortium claim.

District Judge Tanner dismissed the two Whaley claims against all defendants on res judicata and/or collateral estoppel grounds.

We have jurisdiction under 28 U.S.C. § 1291. Because neither the first nor the second district judge scrutinized the release signed by Whaley, we reverse and remand for a determination of its validity.

## ANALYSIS

### I. *The Whaleys' Appeal*

■ Appellees contend that the district court's dismissal with prejudice pursuant to the settlement agreement between Whaley and Nordheim, Njardvik and Mannes precluded Whaley and his wife from the later action. The district court found that res judicata applied.[4] Federal maritime law governs the preclusive effect of a seaman's settlement agreement. *See Gauthier v. Continental Diving Services, Inc.*, 831 F.2d 559, 561 (5th Cir.1987).

■ Before a court may consider if res judicata precludes a subsequent action by a seaman, it must scrutinize any settlement agreement releasing the shipowners. Seamen are "wards of admiralty," and releases signed by them must be scrutinized carefully when set up as a defense by shipowners. *Davis v. American Commercial Lines, Inc.*, 823 F.2d 1006, 1007 (6th Cir. 1987), *cert. denied*, 484 U.S. 1067, 108 S.Ct. 1031, 98 L.Ed.2d 995 (1988). We test the validity of a release by the standard set by the Supreme Court:

> The burden is upon one who sets up a seaman's release to show that it was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights. The adequacy of the consideration and the nature of the medical and legal advice available to the seaman at the time of signing the release are rele-

vant to an appraisal of this understanding.

*United States v. Johnson*, 160 F.2d 789, 794 (9th Cir.1947), *rev'd in part on other grounds*, 333 U.S. 46, 68 S.Ct. 391, 92 L.Ed. 468 (1948) (quoting *Garrett v. Moore-McCormack*, 317 U.S. 239, 248, 63 S.Ct. 246, 252, 87 L.Ed. 239 (1942)).

The decision in *Wink v. Rowan Drilling Co.*, 611 F.2d 98 (5th Cir.), *cert. denied*, 449 U.S. 823, 101 S.Ct. 84, 66 L.Ed.2d 26 (1980), is persuasive. Two years after signing a release, Wink moved under Fed.R.Civ.P. 60(b) to set aside an earlier district court judgment and brought a second action on the same claims. He alleged that when he had signed the release, his employer had misled him about the extent of his injury and mental competence, and had guaranteed him a lifetime job. *Id.* at 99–100.

The district court dismissed the second action on res judicata grounds, stating that the seaman had failed to prove his incapacity when signing the release or the defendant's overreaching. The appellate court reversed, finding that the district court misallocated the burden of proof. *Id.* at 100.

It found that the seaman had raised the possibility that the first court had merely rubber-stamped the agreement. It noted that the judgment resulted not from a litigated determination of the merits, but from a settlement prepared by the employer's attorney, and agreed to without the benefit of counsel. It found most persuasive the lack of any record of the district court proceeding. *Id.* at 101. *See also Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 606 (5th Cir.1986) (court examined facts surrounding settlement to determine if relief warranted from prior district court consent judgment); *Scola v. Boat Frances R., Inc.*, 546 F.2d 459, 461 (1st Cir.1976) (state court consent judgment did not bar subsequent federal court action).

---

4. Once a court has entered a final judgment on the merits, res judicata bars a subsequent action between the same parties over the same cause of action. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir.1985), *in part superseded by statute*, 842 F.2d 1154 (9th Cir.1988).

The facts in *Wink* and the facts here are virtually identical. Whaley's first action alleged negligence and unseaworthiness, and asked for maintenance and cure. He dismissed his attorney, and signed a release. After assurances from the defendants' attorney that a settlement drafted by him had been reached, the district court granted the defendants' motion to dismiss with prejudice. Whaley was unrepresented when he negotiated and signed the release, and neither he nor his former attorney attended the dismissal hearing. We have no record of that proceeding.

Contending that he had been coerced into signing the release, Whaley filed a second federal action on the same claims. He added a request for punitive damages, alleging that the defendants intentionally interfered with his rights as a seaman. He contended that he did not understand his rights because he had limited education, and his head injury had impaired his judgment. He asserted that Nordheim and Rydman induced him to fire his attorneys by threats that all payments would cease, Whaley would never again work as a fisherman and Nordheim would never give Whaley one cent as long as an attorney represented him. He alleged that, after filing this action, Rydman threatened to kill him.

Because Whaley has raised the possibility that the first district court "merely rubber-stamped the agreement," we reverse and remand for a determination of the release's validity. *See Borne v. A & P Boat Rentals No. 4, Inc.,* 780 F.2d 1254, 1257 (5th Cir.1986). If there is a genuine issue of material fact about its validity, he and his wife may proceed with their claims against all defendants. *Durden v. Exxon*

*Corp.,* 803 F.2d 845, 847–48 (5th Cir.1986). Nordheim, Njardvik and Mannes may assert the prior settlement as a defense against Mr. Whaley, but bear the burden to prove that he had an informed understanding of the significance of the release.[5] Should Whaley prevail on this issue, the district court will set aside the prior judgment under Fed.R.Civ.P. 60(b)(6).[6] *See Wink,* 611 F.2d at 101–02.

## II. *Rydman's Cross–Appeal*

Rydman cross-appeals the district court's denial of his motion to dismiss Count IV under Fed.R.Civ.P. 12(b)(1) and (b)(6) in which Whaley alleged intentional interference with his rights as a seaman. The denial of a motion to dismiss is not an appealable final order. *Brannon v. Warn Bros., Inc.,* 508 F.2d 115, 118 (9th Cir.1974).

Because the district court judgment benefited Rydman by dismissing him on res judicata grounds, he has not been aggrieved by the judgment and lacks standing to appeal. *See Hoover v. Switlik Parachute Co.,* 663 F.2d 964, 966 (9th Cir.1981).

We REVERSE and REMAND the Whaleys' appeal. We DISMISS Rydman's cross-appeal.

---

5. We point out that neither Juanita Whaley nor Rydman was a party in the first action. We do not imply by this opinion, in the event defendants carry their burden of proving the validity of the release, that res judicata would preclude Juanita Whaley's claim for loss of consortium or Whaley's claim for intentional interference with a seaman's rights against Rydman. *See Davis & Cox,* 751 F.2d at 1518; *Bechtel Petroleum, Inc. v. Webster,* 636 F.Supp. 486, 497 (N.D. Cal.1984), *adopted by this court,* 796 F.2d 252 (9th Cir.1986).

6. Fed.R.Civ.P. 60(b)(6) provides:
 On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time....